MELANÇON'S
HEIRS
*vs.*
DUHAMEL ET ALS

## MELANÇON'S HEIRS *vs.* DUHAMEL ET ALS.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Where judgment of eviction is obtained, against the purchaser of a tract of land, while suit is pending for the price, and the purchaser calls the plaintiffs (his vendors) in warranty, to protect his title, and at the same time pleads the eviction, asks a rescission of the sale, and a discharge from the contract; when there is no evidence of an actual dispossession or ouster of the defendant, either forced or voluntary, the plaintiffs will recover the *price*, on preventing the execution of the judgment of eviction, by tendering to the defendants and vendees, a renunciation of all the benefits and advantages under it, by the person who obtained it.

The execution of a contract, according to its terms, and the intentions of the parties, is more consonant to justice, law and equity, than the rescission of it, and a condemnation in damages, when the contract remains entire, and there is no change in the situation of the parties.

This action was originally commenced, to recover the price of a tract of land, sold at the probate sale of Melançon's estate, and purchased by the defendant Duhamel. The suit was instituted against Duhamel, and Latiolais, his surety. Before judgment, Duhamel was evicted of a large portion of the land, by Pierre Broussard. The defendants now pray for a rescission of the sale, and to be discharged from the contract. Duhamel being dead, the suit is continued by the curator of his estate, and his surety. The case has been several times before this court. See 4 *La. Reports,* 362.

On the return of the case to the District Court, at the October term, for the parish of St. Martin, in 1832, the district judge being of opinion, that the eviction pleaded by the defendants was fully proven, that they were entitled to have the sale of the land, for the price of which they were sued, rescinded, gave judgment, annulling and cancelling the sale, and discharging the defendants from all liability under said contract and sale.

The plaintiffs relied on the act of renunciation, executed by Broussard, in which the latter renounced the benefit of the judgment of eviction he had obtained against Duhamel, and abandoned all the advantages resulting therefrom, to the plaintiffs in this suit. See 2 *La. Reports,* 8.

Judgment being rendered against the plaintiffs, they appealed.

*Brownson,* for the plaintiffs, said this case would depend mainly, on the effect given to the act of renunciation of Broussard. These plaintiffs having been called in warranty, by the defendants, when the latter were sued by Broussard; although judgment of eviction was pronounced in his favor, yet the tender to the defendants, of a complete and full renunciation by Broussard, of the advantages arising from said judgment, renders them completely secure in their title, and the case stands as if no eviction had happened.

2. The defendants never abandoned the land, nor were they ever turned out of possession by Broussard; they must

WESTERN DIST.
September, 1834.

MELANÇON'S
HEIRS
vs.
DUHAMEL ET ALS.

be considered as purchasers in possession, secure in their title, and bound for the payment of the price.

MELANÇON'S
HEIRS·
vs.
DUHAMEL ET ALS.

*Simon, contra.*

*Martin, J.,* delivered the opinion of the court.

This case has been several times before this court. It becomes necessary to go back to the original contract, which gave rise to these proceedings, for a full understanding of the case. Duhamel purchased a tract of land, at the sale of the property of Melançon's succession, in 1819, and gave defendant Latiolais as his surety. The purchase money was payable on a credit, by instalments. On suit being brought against the defendants, for one of the instalments then due, they pleaded, that one Broussard had commenced a suit against them, for the same land, and that they were in great danger of eviction. They further alleged, that the plaintiffs ought to be called in warranty, and as having sold what was not their own, the sale ought to be cancelled, in case Broussard succeeded in obtaining judgment, and that damages should be awarded them.

The plaintiffs replied, that they were ready to give security, for the validity of Duhamel's title to the land in question. The court ordered the security to be given, before the parish judge. The record does not show, whether such security was actually given ; but at a subsequent term, the defendants filed an amended answer, in which they allege, that Broussard's suit had been prosecuted to a successful termination, in the Supreme Court; the consequence of which was, that Duhamel was evicted of three and a half arpents, of the tract of five arpents, which he had purchased at the probate sale of Melançon's succession. They further averred, that Broussard had taken possession of the land he had recovered, which formed so considerable a portion of the original purchase, by Duhamel, that he would not have purchased the land, if he had known that he did not acquire a good title to the whole tract. The answer concluded by a prayer,

for the rescission of the sale ; that the notes given for the price of the land, be cancelled and returned to the defendants, and that they recover the sum of five thousand dollars, for damages sustained by them. Five years after the filing of this amended answer, (during which period this cause was continued) the plaintiffs filed an amended petition, in which they alleged, that they had already obtained a final judgment, for the first instalment of the price, which was in force and unsatisfied, and which precluded the defendants from any right to demand the rescission of the sale ; that Broussard's suit had been instituted at the instigation, and by the procurement of Duhamel, for the sole purpose of enabling him to claim the rescission ; and further, that Broussard was induced to commence his action, by the promise of Duhamel's attorney, that he should be at no expense or costs, in its prosecution, if it should be ultimately decided against him. They further showed, that Broussard's attorney, about the time of the first trial of this cause, obtained possession of the original book of surveys, made by Gonsoulin, containing the *procès verbal* of the survey of the land in dispute, and agreed to by Broussard, who consented to the location, as contended for by the defendants ; and that since the judgment of the Supreme Court, Broussard had by an act *sous seing privé,* dated the 21st January, 1827, renounced all benefit and advantage resulting from said judgment, in favor of the defendant Duhamel, and had confirmed the same in favor of the title acquired by him. The plaintiffs tender the renunciation of Broussard to the defendants, alleging, at the same time, that they have never been really evicted.

The defendants excepted to the filing of this amended petition, on the ground, that it changed the nature of the action, as originally brought by the plaintiffs ; that it was not, in fact, an amended petition, but an attempt to institute, indirectly, an action of nullity on the judgment of the Supreme Court ; or a replication to the defendant's answer, setting up that judgment as a bar to the plaintiffs' action. A bill of exception was taken to the opinion of the court, permitting the amended petition to be filed.

37

WESTERN DIST.
*September*, 1834.

MELANÇON'S
HEIRS
*vs.*
DUHAMEL ET ALS.

Where judgment of eviction is obtained against the purchaser of a tract of land while suit is pending for the price, and the purchaser calls the plaintiffs (his vendors) in warranty to protect his title, and at the same time pleads the eviction, asks a rescission of the sale and a discharge from the contract; when there is no evidence of an actual dispossession or ouster of the defendant, either forced or voluntary, the plaintiffs will recover the *price*, on preventing the execution of the judgment of eviction, by tendering to the defendants and vendees a renunciation of all the benefits and advantages under it by the person who obtained it.

The execution of a contract according to its terms and the intentions of the parties, is more consonant to justice, law and equity, than the rescission of it and a condemnation in damages; when the con-

In the answer to this amended petition, the defendants repeat the same objections, and further allege, that the judgment in favor of Broussard, in the Supreme Court, had been ordered to be executed, and that the land had actually been taken from the defendants, before the renunciation of Broussard, in consequence of which, the defendants had acquired a right, which could not be affected by the subsequent act of one of the parties.

The defendant Latiolais, the surety, in a separate answer, averred, that in consequence of the facts and circumstances alleged, in the original answer, and in the subsequent ones, he had been legally discharged from all liability, resulting from his suretyship, and that none of the allegations in the amended petition, could affect him, as by the act of the plaintiffs, the subrogation to their right, privilege and mortgage, could no longer be made to operate in favor of Duhamel.

The District Court sustained the defence, and decreed a rescission of the sale. The plaintiffs appealed.

The bill of exception taken, to the admission of the amended petition, was acted on when this case was last before this court. See 4 *La. Reports*, 362.

The record contains no evidence of an actual dispossession or ouster of Duhamel, either forced or voluntary. The present plaintiffs being called in warranty, to defend their vendee, in the opinion of this court, fully answered the call, by preventing the execution of the judgment of Broussard, and giving to their vendee, an absolute protection against the consequence of the judgment.

The execution of a contract, according to its terms, and the intention of the parties, is more consonant to justice, law and equity, than the rescission of it, and a condemnation in damages; provided, the contract or matter is still entire, and there has been no change in the situation of the parties.

Had the judgment in favor of Broussard, been followed by the execution of a writ of possession, or had Duhamel voluntarily executed it, by abandoning the premises, his claim against his vendor, would have been perfect, and the latter

could not have escaped from the consequences of the ouster of his vendee ; and if the vendee, notwithstanding he had neither been formally ousted, nor relinquished his possession, could show, that on the judgment of Broussard being signified to him, he had taken measures to provide against its consequences, as by the purchase of another tract, so that the matter was not *res integra*, we are not even prepared to say, that he might not have successfully claimed relief against his warrantors.

WESTERN DIST.
*September*, 1834.

MELANÇON'S
HEIRS
*vs.*
DUHAMEL ET ALS.

tract remains entire and there is no change in the situation of the parties.

It may be said, that the judgment in favor of Broussard, affected the land recovered, with any general mortgage that may have existed on his property ; that Duhamel contracted for Melançon's title, and not for that of Broussard.  To the first part of the objection, it is a sufficient answer, that *de non apparentibus et de non existentibus eadem est lex;* and that he, whose claim is grounded on the apprehension of demands from creditors, with a general mortgage, ought to show that a general mortgage exists.  To the second part, an equally successful answer can be made.  For, that even after a decision, that the plaintiffs, by procuring Broussard's renunciation, have complied with their obligation to warrant and defend Duhamel's title, they shall not be absolved from the obligation of defending it, in case any person claiming under Broussard, or as his mortgage creditors, should disturb the heirs of Duhamel in their possession.

Broussard's renunciation, at any time before he obtained the judgment against Duhamel, would have disabled the latter from resisting the claims of the plaintiffs.   His renunciation of that judgment, does not appear to this court, less efficient ; and if it ever should prove insufficient, the remedy of Duhamel or his heirs, against his vendors, will be the same.  Should he show, that there is room for apprehension, he might guard against its consequence, by a demand of security.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and proceeding to give such a judgment, as in our

opinion, ought to have been pronounced, in the court of the first instance, it is ordered, adjudged and decreed, that the plaintiffs recover from the defendants, the sum of three thousand and eighty-five dollars, with legal interest, from the time the instalments became due ; and that the land be first seized and sold, to satisfy said judgment, before the judgment, or any part thereof, be claimed from the defendant Latiolais : the defendants paying costs in this court.