ROGERS, Justice.
 

 The Mutual Life Insurance Company of New York issued a policy for $2,500 on the life of Barney C. Rachal. The insured died in less than a year after the issuance of the policy, and his mother, Mrs. Emma C. Rachal, the beneficiary, made the necessary proofs of death. The insurance company refused to pay the amount called for by the policy, and offered to return the premium which it had received, which offer was declined by the beneficiary. Alleging that the insured had wrongfully obtained the policy by fraudulent representations and concealment of material facts, the insurance company brought this suit for the cancellation and return of the policy. Answering the suit, the defendant denied plaintiff’s right to have the contract canceled, averred that the policy was in full force and effect, and, by way of reconvention, prayed for judgment for the amount of the policy with interest thereon from the date of the receipt by the company of the proofs of death. After a trial on the merits, the court below rejected plaintiff’s demand and gave defendant judgment in reconvention for the amount of the policy, with interest. From that judgment, plaintiff has appealed.
 

 The policy herein was issued under date-of January 4, 1934, and the insured died of toxic encephalitis on May 6, 1934.
 

 The policy was issued on the insured’s application which contains certain statements made by him to the medical examiner of the plaintiff insurance company.
 

 Plaintiff’s demand for the cancellation of the insurance contract was predicated on three separate grounds. The first ground is that the insured, in his application for the insurance, falsely stated that the only illnesses he had had since childhood were attacks of tonsilitis -and lumbago in May, 1933; the former of five days’ duration, resulting in complete recovery after .an operation, and the.latter of three weeks’ duration, also followed by complete recovery. The second ground is that the insured falsely'stated in his application that the only physicians who had treated him in the past five years were Dr. I. F. Littell, for tonsilitis, and Dr. M. B. Pierce, for lumbago, whereas during the period inquired about he had been treated also by Doctors Dan Gremillion and King Rand,
 
 *433
 
 which treatments he failed to disclose. The third ground is that the insured falsely stated in his application that he was in good health, whereas he was suffering from toxic encephalitis, the disease of which he died, and from other diseases at that time.
 

 Taking up plaintiff’s first ground of complaint, we fail to find any testimony in the record showing that the insured had ever suffered from toxic encephalitis, the disease which caused his death. The medical testimony in the record shows that the insured suffered from what physicians diagnosed as arthritis of the lumbar region or of the sacroiliac joint. But it was not proved that the arthritis in any way contributed to the insured’s death. On the contrary, the testimony shows that the arthritis, from which insured suffered, was not continuous, but apparently remittent only. It also shows that insured’s condition as a result of the arthritis was not considered serious or dangerous by the physicians who examined or treated him, nor had they so advised insured. Apparently recovery, or at least relief, followed each treatment received by the insured up to April, 1934, which, however, was after the issuance of the policy.
 

 In his application, the insured stated that he had suffered from lumbago, of three weeks’ duration. The medical
 
 testimony
 
 shows that a layman might confuse arthritis with lumbago. This being so, it is not only possible, but highly probable, that insured used the term “lumbago” as synonymous with the term “arthritis” or with the term “backache.”
 

 Taking up the second ground of plaintiff’s complaint we find that in his application insured stated he was treated by Dr. Littell for tonsilitis, and Dr. Pierce for lumbago. The record shows that insured also called at Dr. Gremillion’s office in September, 1933, complaining of backache. Dr. Gremillion diagnosed insured’s condition as a sacroiliac sprain, told him so, and applied adhesives. Dr. Gremillion saw insured again in November, found him suffering with his back, and gave him an injection of morphine. Previously, in August, 1933, insured had called at the office of Dr. King Rand, complaining of backache. Dr. Rand, after X-raying insured’s spine and pelvis, diagnosed his trouble as arthritis in the lower spine and pelvis, but not in a progressed stage, and so advised insured.
 

 We do not think that the insured in failing to mention Doctors Gremillion and Rand had any intention to misrepresent or conceal the true facts. Their diagnoses agreed with the diagnosis of Dr. Pierce, whose name was mentioned in his application for the insurance. It is clear that if the insured had mentioned the names of Doctors Gremillion and Rand as well as that of Dr. Pierce the result would have been no different. Dr. Pierce apparently treated insured during the most severe attack he suffered. The insurance company, if it had desired to do so, could have applied to Dr. Pierce for information concerning the nature and treatment of the lumbago mentioned by insured in his application for the insurance.
 

 
 *435
 
 Taking up the third ground of plaintiff’s complaint, we find that the insured was sincere in stating that he was in good health. None of the physicians who treated him advised him that his ailment was serious. He recovered, apparently, after each treatment, and he was not suffering from any disease at the time he applied for the policy or at the time it was delivered.
 

 Act No. 227 of 1916, which declares that all life insurance policies shall contain the entire contract, provides that “all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties.”
 

 Fraud is never presumed, and the burden rests upon the person alleging fraud to prove it. We do not think the insurance company has discharged that burden. See Valesi v. Mutual Life Ins. Co., 151 La. 405, 91 So. 818.
 

 The only material fact which the defendant insurance company contends the insured failed to disclose was that he was treated for arthritis. But the insured did state that he was treated for lumbago, which term is ordinarily used by laymen to describe the ailment for which the insured was treated. There is nothing in the record to show that the insurance company would have failed to issue the policy if the insured in his application had used the term “arthritis,” instead of the term “lumbago,” to describe the ailment for which he was treated. Nor, in view of the circumstances of this case, was the insured’s failure to disclose his visits to Doctors Gremillion and Rand the misrepresentation of a material fact such as would vitiate the policy. See Cunningham v. Penn Mutual Life Ins. Co., 152 La. 1023, 95 So. 110; Brown v. Continental Casualty Co., 161 La. 229, 108 So. 464, 45 A. L.R. 1521.
 

 None of the cases cited by the plaintiff insurance company is inconsistent with the views herein expressed.
 

 For the reasons assigned, the judgment appealed from is affirmed.