197 So. 235

**METCALF et al. v. MONSOUR et al.**

No. 35556.

May 27, 1940.

Rehearing Denied June 28, 1940.

George Thurber, of Shreveport, for plaintiffs and appellants.

Chandler & Chandler and H. M. Holder, all of Shreveport, for defendants and appellees.

O'NIELL, Chief Justice.

This is a suit to annul a series of transfers of a tract of land in Caddo Parish, for fraud, or misrepresentation, and for want of a price or consideration. The plaintiffs are appealing from a judgment rejecting their demand.

The case presents only questions of fact. The plaintiffs are the heirs of William Metcalf and his wife, Clara Metcalf. The land in contest, having an area of 250 acres, belonged to the matrimonial community between William and Clara Metcalf. He died in or about the year 1925, and the widow and heirs were sent into possession of the estate by a judgment of court. In 1928 the widow owed to a bank in Waskom, Texas, debts amounting to $2,439.29, besides attorneys' fees and court costs; and she owed to another party $2,206.78 secured by a mortgage on her interest in the property. At the same time her son, Audrey Metcalf, who is one of the plaintiffs in this suit, owed $468.03 secured by a mortgage on his interest in the property. In that sit-

uation the bank sued the widow on one of the notes which she owed, and, on December 5, 1928, obtained a judgment against her for $1,507.44. The widow and her son, Audrey, applied to George Monsour, who is one of the defendants in this suit, for a loan of $2,700. They aver that Monsour agreed to lend the amount to the widow, but afterwards refused to carry out the promise, and that she borrowed the money from a man named C. M. Davidson. Monsour claims that he paid the $2,700 to the bank for the widow, and that that was the price or consideration for the sale that was made to him and which the Metcalf heirs, as plaintiffs in this suit, are suing to annul. It appears that the transaction was handled in this way: The heirs transferred their interests in the land to their mother; she transferred it to Audrey Metcalf; and he, on the same day, December 12, 1928, transferred it to George Monsour; and he, on the same day, transferred 150 acres of the land to Audrey Metcalf and 100 acres to Allen Crutchfield. The transfer of the 150 acres to Audrey Metcalf and of the 100 acres to Allen Crutchfield were made with the consent of the Metcalf widow and heirs, to enable them to redeem the property by paying the $2,700 to George Monsour, plus a profit or bonus of $300. Monsour, therefore, in consideration for the transfers, received the promissory note of Audrey Metcalf for $1,500, secured by a mortgage and vendor's lien on the 150 acres of land transferred to him, and received the note of Allen Crutchfield for the same amount, secured by a mortgage and vendor's lien on the 100 acres of land transferred to

him. The notes were never paid by Audrey Metcalf or Allen Crutchfield. Therefore, on January 15, 1932, they, at the request of George Monsour, transferred the land to his son, Fred A. Monsour, in consideration for the cancellation of the two mortgage notes for $1,500 each. On March 16, 1937, Fred A. Monsour sold a third interest in the 250 acres of land to each of his two brothers, namely, Walter Monsour and Emile G. Monsour. · The plaintiffs are suing to annul all of these transfers, on the ground, as we have said, that George Monsour did not pay the $2,-700 to the bank in Waskom, Texas, for Clara Metcalf, and that the transfer of the property to him was made for the purpose only of shielding the property from the debts that were owed to the bank. Clara Metcalf died in or about the early part of 1931, and her heirs, who are the plaintiffs in this suit, were sent into possession of her estate by a judgment of court dated May 6, 1931. The sale. to George Monsour was nearly ten years old when this suit was filed. Meanwhile the bank in Waskom, Texas, went out of business. Therefore the proof of the payment of the $2,700 by George Monsour is not as satisfying as it might have been if the suit had not been delayed so long. The plaintiffs rely upon the testimony of two of them, Audrey and Leonard Metcalf, and upon the testimony of C. M. Davidson, to prove that George Monsour did not pay the $2,700 to the bank in Waskom, Texas, for the plaintiffs' mother, in December, 1928. Davidson testified that he paid the debt; but we infer from other testimony in the record that the debt which Davidson paid was another debt. Audrey and Leonard Metcalf testified that Monsour, after promising to pay the $2,700, refused to carry out the promise, and that it was paid by Davidson. Monsour testified that he paid the $2,700 to a law firm in Shreveport, who obtained the judgment for the bank in Waskom, Texas. Both of the attorneys testified that they had only a very faint recollection of receiving the money from Monsour. But one of these attorneys produced a copy of a letter dated December 14, 1928, showing that his firm remitted in the letter $2,449.29 to the bank in Waskom, Texas, as the amount which Clara Metcalf owed the bank. The attorney testified that the fee retained by his firm was $250, which indicates that the amount collected by the firm was $2,699.-29, plus perhaps the exchange on the remittance, and making up perhaps exactly the $2,700 which Monsour says he put up for Clara Metcalf. His testimony in that respect is corroborated by the fact that the records of a defunct bank in Shreveport, where Monsour kept his bank account in December, 1928, showed that he drew out of his account $2,700 at that time. Our conclusion is that the judgment of the district court is correct. The law requires exceptionally strong proof to sustain a charge of fraud. Belcher v. Booth, 164 La. 514, 114 So. 116; Garnier v. Ætna Insurance Co. of Hartford, Conn., 181 La. 426, 159 So. 705.

The judgment is affirmed.