SAVOY, Judge.
Plaintiffs seek the cancellation of an oil, gas and mineral lease which they granted to defendant on the ground that such lease was obtained by fraud and misrepresentation.
The district judge without assigning written reasons rejected the demands of plaintiffs and dismissed the suit. From the judgment of the trial court plaintiffs have appealed..
The facts in the case are substantially the following: Plaintiffs are the owners of an 80-acre tract of land situated in the Parish of Allen, Louisiana. The property was originally leased to one H. L. Hunt. Hunt formed a unit which included 30 acres of *206 the land leased to him by plaintiffs. He granted plaintiffs a release on the remaining 50 acres. Unknown to plaintiffs, the Commissioner of Conservation on the 13th day of March, 1959, included in a unit approximately 14 acres of the 50 acres which Hunt had released to plaintiffs. In April of 1959, plaintiffs were contacted by Robert Donlon, a lease broker with the view of leasing the 50-acre tract mentioned herein. Donlon stated that he was acting as agent for defendant herein. After considerable negotiation plaintiffs leased the 50-acre tract to defendant. The lease was sent to Donlon with a draft attached. Donlon in tearing and removing the stapled draft from the lease tore a portion of it, and sent it back to plaintiffs with the request that a new lease be executed dated March 10, 1959, for the reason that defendant owned other tracts in the area and wanted the leases to have the same date. Sometime thereafter, plaintiffs discovered that the 14 acres of the 50-acre tract had been placed in a unit by the Conservation Department. Suit followed.
Plaintiffs alleged that the lease had been acquired by fraud on the part of defendant, acting through his agent, Donlon, and set out numerous reasons wherein fraud had been committed and asked that the lease be cancelled.
Defendant filed an answer admitting the lease in question and that Donlon was the broker who purchased the lease, and stated that the lease resulted from lengthy negotiations and was obtained as a result of an arm’s length transaction between the parties; that plaintiffs and defendant are complete strangers and no relation of confidence or trust existed between them, and no fraud, artifice, deception, misrepresentation or coercion was practiced upon plaintiffs, either by defendant or his agent with respect to obtaining said lease.
Defendant asked that the lease be extended for a period of 27 months and 28 days from the date of the final determination of the issues herein because of the suit brought by plaintiffs.
The district judge, as stated before, decided the case in favor of defendant and extended the lease as prayed for by defendant.
This suit is based on Article 1847 of the LSA-Civil Code of Louisiana. This article generally sets forth five essentials, namely:
1. A false representation.
2. In reference to a material fact.
3. Made with knowledge of its falsity.
4. With the intent to deceive.
5. With action taken in reliance upon the representations.
With reference to the extent of the burden of proof upon the plaintiff in this type of case, it is well settled that fraud is not presumed. The proof must be exceptionally strong. Metcalf v. Monsour, 195 La. 570, 197 So. 235; Strauss v. Insurance Company of North America, 157 La. 661, 102 So. 861; American Guaranty Co. v. Sunset Realty & Planting Company, 208 La. 772, 23 So.2d 409.
The Supreme Court, in-the case of Emerson v. Shirley et al., 188 La. 196, 175 So. 909, said that ordinarily, joint ownership of a royalty interest in a mineral lease does not create any such confidential relation between or among the joint owners as should oblige them, morally or equitably, to inform one another of the value of such royalty interest, and hence, that they may deal with each other at arm’s length, in relation to their royalty interests.
In support of his position, counsel for plaintiffs cited the case of American Guaranty Co. v. Sunset Realty & Planting Company, supra.
The evidence disclosed that defendant knew of the hearing by the Conservation Commission wherein a portion of the 50-acre tract was proposed to be placed in a new unit. This he admitted in his answer. This Court is also convinced that at the time *207 of the signing- of the lease between the parties defendant knew that the unit was an accomplished fact. If plaintiffs had inquired they could have obtained the same information. Once the unit had been declared by the Conservation Commission, it became a public matter and a simple inquiry by plaintiffs of the Commissioner would have revealed that the unii had been formed.
Mrs. Norma Lee Mims and William Lee Gabbert testified at the trial, and it was stipulated that the testimony of Mrs. Ruth Lee Gabbert would be the same as that of her son, William Lee Gabbert. An examination of the testimony of plaintiffs does not show that they ever inquired of Donlon about a proposed unit to be formed on the land in controversy. The testimony of Donlon is to the effect that he did not know that a unit was to be formed or had been formed until after the formation of same, and which was after the lease had been signed. His testimony was not contradicted.
Donlon told plaintiffs the reason he wanted to back-date the lease to March 10, 1959, was for the instant lease to become due at the time as other leases owned by defendant in the area, whereas when he testified at the trial he admitted defendant did not have any other leases in the immediate area. However, at the time this was done plaintiffs had already granted the lease to defendant, and in the opinion of this Court, this phase of the transaction had nothing to do with the issues in the case at bar. The net effect of dating the lease back was that plaintiffs benefited for the period between March 10th and April 30th.
While this Court is of the opinion that defendant knew of the formation of the unit at the time that he purchased the lease, in the absence of an inquiry by plaintiffs he was under no obligation to divulge same to them. There was no confidential relationship between the parties and he was under no moral duty to inform plaintiffs of his findings. This rule was set forth in the Emerson case, supra.
The American Guaranty Company case, supra, is different from the facts in the case at bar. In that case, Small, as agent for defendants, upon inquiry by officers of plaintiff corporation, gave deceitful answers as to the type of well which had been found close to lands owned by plaintiff. The Supreme Court held that these officers being 2,000 miles from the discovery well had to rely upon the representation made by Small. In that case, Small had without the consent of officers for plaintiff inserted a document in the quitclaim deed. This the Supreme Court also found amounted to fraud.
This Court concludes that plaintiffs have not met the burden of proof required of them in a case of this type.
For the reasons assigned, the judgment of the district court is affirmed. All costs of this appeal are to be paid by appellants.
Affirmed.