AYRES, Judge.
By this action plaintiff seeks primarily the rescission, as null and void, of the sale of October 26, 1959, to her by the defendant of a 1960 Oldsmobile “88”, and the refund of that portion of the purchase price paid in cash or its equivalent, and the cancellation of the promissory note given for the credit portion of the purchase price. Coincidentally, plaintiff seeks to recover damages for mental pain.and suffering, as well as damages for the loss of the use of an automobile. In the alternative, it is prayed that the purchase price be reduced.
The basis of plaintiff’s claim is that she was allegedly induced, by fraud and artifice, to purchase and accept a “used” car when she intended to purchase a new car. The defense is a denial that any fraud was practiced upon plaintiff or any misrepresentations were made to her as to the character of the car purchased. It is further contended that plaintiff was fully aware of the character of the automobile.
From an adverse judgment, plaintiff has appealed.
These basic facts are established by the record. The car in question was received by the defendant from the manufacturer’s assembly plant October 12, .1959. It was originally titled and licensed in the name of *600 C. E. Moore, Agent, one of defendant’s officials. It was then placed with Leo Van-der Kuy for his use as fleet salesmanager for defendant. The speedometer reading indicated, at the time of plaintiff’s purchase, that the car had been driven 325 miles while in the possession of Vander Kuy. There is no question of plaintiff’s knowledge of this fact or of the fact that the car had been or was being used by the salesmanager. Nor is there any doubt that she knew the car had been previously titled and licensed. Nor is there any question but that the car was sold as a new car. It was so designated in the bill of sale and chattel mortgage. It was likewise financed. Plaintiff was given a new-car warranty and service. However, in the application for certificate of title in her name and for its registration, bearing date of October 26, 1959, the date of purchase, the car was designated as a “used” car. Notwithstanding that this designation appeared immediately above her signature, plaintiff claims not to have noticed it until making preparations February 2, 1960, to procure a license for that year. The car, in the meantime, had given satisfactory service. The speedometer reading at that time was approximately 4,700 miles. Nevertheless, on her discovery that the car was classified as a “used” car for the purpose of title and license, plaintiff became disturbed and dissatisfied with the sale. On communicating her dissatisfaction to defendant’s president, she was offered a new car conditioned upon the establishment of any false representations made to her in connection with the sale. Instead, it appears that plaintiff desired and insisted upon a return of the purchase price money or its equivalent.
Plaintiff’s dissatisfaction arose not because the car had been previously titled, licensed, and driven 325 miles but simply because it was designated as a “used” car in her application for a titled certificate and in an application for a license for 1960. The use of the word “used” on these documents was explained to her and later in testimony adduced on trial of the case to comply with the requirements as to the transfer of title and the licensing of cars which have been previously titled and licensed.
From our painstaking review of the entire record, the conclusion is inescapable that the record does not establish any misrep-presentations were made to plaintiff by defendant or its representatives as to the-kind, nature, or character of the car, or that it had been previously titled, licensed,, and used. Nor does the record establish, the concealment from plaintiff of any material facts concerning the car before, at the time of, or since the sale was made. It is, however, altogether probable that plaintiff was not particularly informed as to the-requirements pertaining to the transfer of title or relating to applications for licenses-for cars for future years. This, nevertheless, is immaterial since plaintiff knew of' the kind and character of the car she was-purchasing and of the prior use made thereof.
 Fraud is never presumed, but constitutes a most serious charge. Where one-alleges fraud to vitiate a contractual obligation, he has the burden of establishing it by legal and convincing proof. In this connection, it was stated, in Sanders v. Sanders, 222 La. 233, 62 So.2d 284, 286-287.
“In the jurisprudence of this court it has been said that the charge of fraud is a most serious one; that one who alleges fraud has the burden of establishing it by legal and convincing evidence since fraud is never presumed, and that to establish the fraud exceptionally strong proof must be adduced.. Strauss v. Insurance Co. of North America, 157 La. 661, 662, 102 So. 861; Garnier v. Aetna Ins. Co. of Hartford, Conn., 181 La. 426, 159 So. 705; Mutual Life Ins. Co. of New York v. Rachal, 184 La. 430, 166 So. 129; Metcalf v. Monsour, 195 La. 570, 197 So. 235; Mente & Co., Inc., v. Roane Sugars Inc., 199 La. 686, 6 So.2d 731; American Guaranty Co. v. Sunset Realty & *601 Planting Co., Inc., 208 La. 772, 23 So.2d 409. It has also been said that evidence showing that the fraud was probable or that the circumstances partook of a suspicious character is not sufficient, and that the fraud must be established by proof stronger than the mere preponderance of the evidence. Angichiodo v. Cerami, D. C., 35 F.Supp. 359; Fort v. Metayer, 10 Mart. (O.S.) 436; Charrotte v. Louisiana College, 1 La.App. 438; Woodward v. Barringer, La.App., 24 So.2d 200.”
We find no manifest error in the judgment appealed and, for the reasons assigned, it is accordingly affirmed at plaintiff-appellant’s cost.
Affirmed.