HOOD, Judge.
The plaintiff, Mrs. Alphonsine Brous-sard, instituted this suit against Russell Dickerson primarily to annul an act of ex *94 change which had been entered into between the said parties on the grounds of fraud and error. In the alternative plaintiff seeks a reduction of the purchase price and a judgment condemning defendant to pay for repairs and alterations to the improvements located on said property, which repairs she alleges are necessary because of a deficiency in the amount of property conveyed to her.
After trial, the trial judge concluded that plaintiff had failed to prove fraud sufficient to void the act of exchange, and judgment was rendered by the trial court dismissing plaintiff’s suit upon the tender by defendant to plaintiff of a title insurance policy insuring plaintiff’s title to (1) the property actually conveyed to her by the act of exchange, and (2) an additional strip of land located adjacent to said property, which strip was conveyed to plaintiff by defendant after the suit was filed. Plaintiff has appealed.
The evidence shows that on July 2, 1962, plaintiff and defendant entered into an act of exchange of immovable property under the terms of which defendant Dickerson acquired from plaintiff real property located in Vermilion Parish, and plaintiff acquired from defendant real property located in Jefferson Davis Parish, Louisiana. The property acquired by plaintiff in that exchange is described as Lots 1 and 2 of Block 7 of the McGarry Tract to the Town of Lake Arthur, Louisiana. According to the plat of the McGarry Tract, the property acquired by plaintiff has a frontage of 50 feet on a public street by a depth of 100 feet. A residence building is located on that property. A fence and ditch runs north and south on the east side of the residence building, and another fence and ditch runs in the same direction on the west side of it.
Prior to the completion of this act of exchange Dickerson pointed out to Mrs. Broussard that he owned all of the property located between the two ditches. After the exchange had been completed, plaintiff discovered that the distance between the two ditches was more than 50 feet, and that the ditch located west of the residence building was actually 15.2 feet west of the west line of the property which she acquired in this exchange. A portion of the carport, which is on the west side of and forms a part of the residence building, was located on an adjacent tract of land owned by a third person.
In this suit plaintiff contends that at the time the act of exchange was completed defendant knew that he did not own all of the property located between the two ditches, that he nevertheless represented to her that he did own all of such property, and that she thus was induced to enter into the act of exchange by fraudulent representation. For these reasons she contends that she is entitled to have the entire act of exchange annulled.
The defendant admits that the property actually conveyed to plaintiff in the act of exchange was less than that which he had previously pointed out to her. He contends, however, that he was in good faith in making that representation, and that he actually believed that he owned all of the property located between the two ditches.
Shortly after the suit was filed, defendant acquired from the adjoining property owner a strip of land 15i/*j feet wide located immediately west of and adjacent to the property which plaintiff had originally acquired in the act of exchange. He thereupon executed a warranty deed conveying this l5j/£ foot strip of land to plaintiff. This warranty deed is attached to defendant’s answer, and defendant alleges that it is “tendered as a complete satisfaction of the demands of plaintiff.” The 15J4 foot strip, together with the property conveyed to plaintiff in the act of exchange itself, constitutes all of the property located between the two ditches, and thus it is all of the property which plaintiff expected to receive under the act of exchange.
Immediately after the act of exchange was completed, plaintiff went into posses *95 sion of all of the property located between the two ditches, including the IS 14 foot strip of land which was conveyed to her later. She has never been disturbed in her possession of this property, and she has never been threatened with eviction or with any kind of law suit relating to this property.
The carport located on the west side of the residence building was built by defendant during the year 1961. While it was being constructed defendant’s wife engaged a surveyor, who was then surveying a neighboring lot, to also locate defendant’s property lines. Defendant states that when this survey was made “two boys” placed stakes on his property and informed him that the carport then under construction extended beyond the west line of his property. He says, however, that the surveyor himself did not confirm what the boys had told him, and that the “old people” who had been there for thirty years informed him that the measurements made in that survey were wrong and that the measurements should have been made “from the other way.” He states that he refused to believe the statements made by the “two boys” as to the location of his property line, and that “I thought that the whole lot was mine — that old fence was still my property. I never paid any attention.”
According to the evidence, there apparently was a shortage in some of the measurements or distances shown on the McGarry Tract, and there well may have existed a bona fide dispute as to where the measurements of Block 7 should begin and where the shortage was to be absorbed. The evidence shows that despite the information given to defendant by the two boys he proceeded to complete the construction of the carport, and that he has never been disturbed in his possession of any of the property located between the ditches.
In Sanders v. Sanders, 222 La. 233, 62 So.2d 284, our Supreme Court, in discussing the type of proof which is required to establish charges of fraud, said:
“In the jurisprudence of this court it has been said that the charge of fraud is a most serious one; that one who alleges fraud has the burden of establishing it by legal and convincing evidence since fraud is never presumed, and that to establish the fraud exceptionally strong proof must be adduced. Strauss v. Insurance Co. of North America, 157 La. 661, 662, 102 So. 861; Garnier v. Aetna Ins. Co. of Hartford, Conn., 181 La. 426, 159 So. 705; Mutual Life Ins. Co. of New York v. Rachal, 184 La. 430, 166 So. 129; Metcalf v. Monsour, 195 La. 570, 197 So. 235; Mente & Co., Inc. v. Roane Sugars Inc., 199 La. 686, 6 So.2d 731; American Guaranty Co. v. Sunset Realty & Planting Co., Inc., 208 La. 772, 23 So.2d 409. It has also been said that evidence showing that the fraud was probable or that the circumstances partook of a suspicious character is not sufficient, and that the fraud must be established by proof stronger than the mere preponderance of the evidence. Angichiodo v. Cerami, D.C., 35 F.Supp. 359; Fort v. Metayer 10 Mart. (O.S.) 436; Charrotte v. Louisiana College, 1 La.App. 438; Woodward v. Barringer, La.App., 24 So.2d 200.” (62 So.2d 286, 287).
In the instant suit the trial judge concluded “that plaintiff has failed to prove fraud that would vitiate the exchange in question.” In arriving at that conclusion the trial judge apparently felt that Dickerson truly believed that he owned all of the property located between the two ditches when the exchange was completed, and that he was in good faith in representing that fact to plaintiff. It has been held repeatedly that where a question of veracity is involved, great weight should be accorded to the finding of the trial judge on the theory that he is in the superior position to determine the credibility of the witnesses and the weight to be placed on their statements. Cross v. Marquez, La.App. Orl., 94 So.2d 117 (Cert. denied). We are *96 unable to say that in this case the trial judge erred in accepting defendant’s statements and in concluding that plaintiff has failed to prove fraud sufficient to annul the act of exchange. Certainly she has failed to produce the “exceptionally strong proof” of fraud which is required by the jurisprudence of this State.
Plaintiff contends further that the act of exchange is void because of error. We fail to find an error, either of fact or of law, sufficient to warrant a recission of this act of exchange. Both parties agree that at the time the exchange agreement was entered into they intended that plaintiff was to receive all of the property located between the two ditches. There was a complete meeting of the minds and the consent necessary for a valid sale was present. See LSA-C.C. Articles 2439 and 2667. It is true that only a portion of the property which defendant intended to convey to plaintiff was actually described in the act of exchange, and it is also true that defendant at that time did not own all of the property which he had agreed to convey to her. But, this deficiency in the description or this failure of title does not render the act of exchange null on the ground that there was a lack of consent of the parties. We conclude, therefore, that there is no merit to plaintiff’s argument that the act of exchange is void because of error.
Plaintiff, having failed to establish fraud or error, argues further that the act of exchange is null because defendant sold a thing belonging to another, in violation of the provisions of Article 2452 of the LSA-Civil Code. She also contends that the act of exchange should be cancelled pursuant to the provisions of LSA-Civil Code Article 2511, because she has been “evicted” from a substantial part of the thing sold.
We agree with plaintiff that actual eviction is not necessary “if a perfect title exists in some third person, whereby it is rendered legally certain that his vendor had no title.” Bickham v. Kelly, 162 La. 421, 110 So. 637, and Bonvillain v. Bodenheimer, 117 La. 793, 42 So. 273. Also, plaintiff correctly observes that under the provisions of LSA-Civil Code Article 2452 “[t]he sale of a thing belonging to another person is null.”
In this case, however, the defendant did not sell a thing belonging to another, and plaintiff has not been “evicted,” even as that term is interpreted in the Bickham and Bonvillain cases, supra, from any part of the property which she received in this exchange. Defendant owned the property which was conveyed to plaintiff in the act of exchange and he owned the additional strip of land which he later conveyed to her after the suit was filed. Plaintiff, therefore, has received all of the property which she was entitled to receive under the terms of the oral agreement which she entered into with defendant. She has been in continuous possession of all of that property, she has never been disturbed in her possession, she has never been threatened with eviction, and there is no contention that a third person now owns an interest in any part of the property which she possesses.
For the reasons herein set out, we agree with the trial judge that plaintiff is not entitled to judgment rescinding or annulling the act of exchange. We now consider plaintiff’s alternative demand for a reduction of the purchase price and for damages.
It is true, as we have already pointed out, that defendant in the act of exchange itself did not convey to plaintiff all of the property which he had agreed to transfer to her, but after the suit was filed Dickerson obtained and conveyed to plaintiff all of the additional land which the latter was to receive in this transaction, and thus plaintiff now has all of the property which she expected to receive in the exchange.
In Melancon’s Heirs v. Duhamel, 7 La. 286 (later reversed on other grounds, 11 *97 La. 317), our Supreme Court held that the vendee was not entitled to judgment rescinding a sale where the vendor corrected title deficiencies and prevented the execution of a judgment of eviction after the action to rescind had been instituted. In that case the court commented:
“The execution of a contract, according to its terms, and the intention of the parties, is more consonant to justice, law and equity, than the rescission of it, and a condemnation in damages; provided, the contract or matter is still entire, and there has been no change in the situation of the parties.” (7 La. 291).
Also, in Charpaux v. Bellocq, 31 La.Ann. 164, where the vendor obtained a ratification of an earlier deed (and thus corrected a title deficiency) after an action to annul the sale had been instituted by the vendee, our Supreme Court held that the correction of this title defect after suit constituted a full performance by the vendor and that the vendee, therefore, was not entitled to have the sale rescinded. In so holding, the court said:
“2. The ratification being binding, can the plaintiff be heard to escape his obligations by complaining of a nullity which is cured completely? His position is that his rights were fixed by his petition, that the nullity is absolute, and no ratification tendered him after his suit is of any effect. Let us see. * * *
* * * * * *
“ * * * We see no reason to rescind a sale on the ground of noncompliance with the condition thereof when a full performance is tendered in answer to the suit.” (31 La.Ann. 167, 169).
Both of the above-cited cases involved actions to rescind acts of sale. We think the principles of law applied in those cases, however, are also applicable to an action for the reduction of the purchase price.
It is conceivable that under some circumstances the vendee may be entitled to a reduction of the purchase price under LSA-C.C. Article 2514, even though the vendor supplies the title deficiency after the suit for a reduction of the price has been instituted. Ordinarily, however, we feel that where the seller corrects the title defects, or obtains and conveys to the purchaser the part of the property from which he has been “evicted,” and where there has been no change in the situation of the parties, such action on the part of the seller will be held to be a compliance with his obligations under the sale, and thus it will defeat an action instituted prior thereto by the purchaser for a reduction of the purchase price.
In the instant suit we conclude that defendant, in acquiring and conveying to plaintiff the additional 151,4 foot strip of land, has fully complied with his obligations under the act of exchange, that plaintiff has received all of the property which she was entitled to receive under that agreement, that there has been no change in the situation of the parties, and that plaintiff, therefore, is not entitled to a reduction in the purchase price. Plaintiff has failed to show that she sustained any damages as a result of the original title deficiency and the later correction of it.
It is not necessary for us to consider that portion of the trial court’s judgment which requires that defendant tender to plaintiff a title insurance policy, because defendant has not appealed, nor has he answered the appeal, seeking a modification of that part of the decree.
The trial judge condemned plaintiff to pay all costs of this suit. Defendant, in attaching to his answer and thereby tendering to plaintiff a warranty deed for the additional strip of land, prays that plaintiff’s suit be dismissed at her costs, “except those costs which have accrued to date of defendant’s answer which shall be assessed against the defendant.” We think it is *98 fair and equitable, as conceded by defendant, that the judgment of the trial court be amended to provide that the defendant is cast for all costs incurred in this suit up to and including the filing of his answer. All costs of the suit incurred after that time should be assessed to plaintiff.
For the reasons herein set out, therefore, the judgment appealed from is amended to decree that all costs of this suit incurred prior to and including the filing of defendant’s answer are assessed to defendant, and that all other costs of the suit are assessed to plaintiff. Except as herein specifically amended, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Amended and affirmed.