PEATROSS, J.
Defendant Northeast Louisiana Marine Institute, Inc. (“NLMI”), appeals a default judgment in favor of Plaintiffs, Robert Williams, Sr. and Fannie Williams, individually and on behalf of their minor son, Robert Williams, Jr. The trial court awarded Plaintiffs damages in the amount of $60,159.86. For the reasons stated herein, we reverse the judgment of the trial court and render judgment in favor of NLMI.

FACTS

NLMI is an alternative school facility located in Tallulah, Louisiana. On January 26, 2007, an altercation occurred between two students at the school, Tyson Smith and Plaintiff Robert Williams, Jr. The students were in the cafeteria when the incident began with a verbal exchange which quickly escalated into a physical altercation. Teachers present in the cafeteria responded immediately, as did a security officer who was in an adjacent room. Before the teachers could intervene, Tyson punched Robert twice in the face resulting in a broken jaw. Tyson then fled and the teachers chased and caught him.
In November 2007, Robert’s parents, individually and on behalf of Robert, filed a petition for damages against Tyson and NLMI, alleging that Tyson committed an intentional tort and that NLMI was negligent in its supervision of the students. On December 7, 2007, NLMI, through its registered agent, was served with notice of the suit. Neither Defendant answered timely and a preliminary default was entered on August 27, 2008.
At the hearing on the confirmation of default, Robert and his parents testified. Robert testified that, on the morning of the incident, he was in the school cafeteria when Tyson began “cussing” at him in a loud voice in the presence of teachers and other students. Robert stated that Tyson then punched him twice in the face. The teachers responded and a security guard came out of an adjacent room and Tyson ran from the scene. Robert’s par *1135 ents testified about his injury and recovery.
As previously stated, after hearing the testimony, the trial court found NLMI liable for Robert’s injury and the parents’ damages and awarded $24,159.86 for medical expenses, $80,000 in general damages and $3,000 to each parent for loss of consortium.' This appeal by NLMI ensued. Tyson did not appeal the judgment.

DISCUSSION

On appeal, NLMI asserts that the trial court erred in finding the school liable for the injuries sustained by Robert in the altercation. NLMI submits that the record does not support a finding that it was at fault because Plaintiffs failed to produce sufficient evidence to prove a prima facie case of negligence. We agree.
In reviewing a default judgment, we are restricted to a determination of the sufficiency of the evidence offered in support of judgment. Frank Farms, LLC v. Van Berg, 43,701 (La.App.2d Cir.12/3/08), 999 So.2d 119, writ denied, 08-3002 (La.2/13/09), 999 So.2d 1151. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702. Article 1702(A) provides as follows:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default.
A prima facie case is established when the plaintiff proves the essential allegations of the petition with competent evidence, to the same extent as if the allegations had been specifically denied by the defendant. Franks Farms, LLC, supra, citing Martin v. Sanders, 35,575 (La.App.2d Cir.1/23/02), 805 So.2d 1209, and Thibodeaux v. Burton, 538 So.2d 1001 (La.1989). The plaintiff must convince the trial court that it is probable that he would prevail at a trial on the merits. Id. The presumption that the default judgment was rendered upon sufficient evidence and is correct does not apply where, as in the present case, the testimony is transcribed and contained in the record. Hickman v. Wm. Wrigley, Jr. Co., Inc., 33,896 (La.App.2d Cir.10/4/00), 768 So.2d 812. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment was based was sufficient and competent. Id.
To prevail in a negligence action, the plaintiff must prove that defendant owed a duty, that the duty was breached and that the defendant’s substandard conduct was a cause of plaintiffs injuries and damages. Long v. State DOTD, 04-0485 (La.6/29/05), 916 So.2d 87. While a school board, through its agents and teachers, owes students a duty of reasonable supervision, the school is not the insurer of the safety of the children. Adams v. Caddo Parish School Bd., 25,370 (La.App.2d Cir.1/19/94), 631 So.2d 70, writ denied, 94-0684 (La.4/29/94), 637 So.2d 466. The supervision required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances. Wallmuth v. Rapides Parish *1136 School Bd., 01-1779 (La.4/3/02), 813 So.2d 341. Constant supervision of every child is not feasible or required to satisfy the duty. Wallmuth, supra; Adams, supra. Before a school board can be held liable for failure to adequately supervise students, there must be proof of negligence in providing supervision and a causal connection between the inadequate supervision and the accident. Wallmuth, supra; Adams, supra. Furthermore, before a school board can be found to have breached the duty to adequately supervise the safety of students, the risk of unreasonable injury must be foreseeable, constructively or actually known and preventable if a requisite degree of supervision had been exercised. Wallmuth, supra; Doe ex rel. Doe v. DeSoto Parish School Bd., 39,779 (La.App.2d Cir.6/29/05), 907 So.2d 275, writ denied, 05-2020 (La.2/10/06), 924 So.2d 167, citing Adams, supra.
The record in the case sub judice contains scant evidence of negligence on the part of NLMI. Significantly, Robert was the only witness who was present in the cafeteria at the time of the altercation to testify at the hearing on the confirmation of default. Robert testified that, at approximately 8 a.m. on January 26, 2007, he was in the cafeteria eating breakfast with the other students. Robert explained that, in response to a question from a fellow student, he advised the student of the time and then Tyson, who was sitting across the table from them, also asked for the time. When Robert refused to repeat the time, Tyson began cussing him. Robert stated that Tyson yelled at him for approximately 25 seconds and then punched him in the face. Robert testified that Tyson continued to yell, hit him a second time and ran away.
Robert’s own testimony describing the incident is most telling. He admitted that the entire altercation lasted for seconds, maybe slightly longer than a minute: approximately 25 seconds of verbal confrontation and 20 seconds of physical altercation, adding, “It happened so fast.” Robert testified on direct examination:
Q: Okay. And how long did this cussing go on that he was yelling at you or cussing at you?
A: I would say between 25 seconds.
Q: Okay.
A: The next thing I knowed (sic), it happened.
Q: Now was there any teachers or anyone within the close proximity of you?
A: Yes, it was teachers.
Q: And then, I’m understanding you, he struck you?
A: Yes, sir.
Q: How many minutes went by from that point, minutes, seconds or whatever?
A: It was seconds.
Q: Okay.
A: It was like at least 20 seconds.
On cross-examination, Robert went further to estimate that the entire altercation lasted “maybe a minute and about twenty-five, something like that. It happened so fast.” He further explained:
Q: Okay. And after he struck you, did a teacher or the employees immediately come over to help you?
A: Yes, they came over then, but at that time, Tyson Smith — he had ran they had to catch him.
Finally, Robert stated that a male teacher helped him and that a security guard who was in an adjacent room responded to the cafeteria during the altercation.
The jurisprudence reveals that the vast majority of courts have found no liability on the part of school boards for fights occurring between students, or accidents, *1137 at school, either because the school board did not breach its duty of reasonable supervision, or because the school board or school personnel could not have prevented the incident from occurring. See Wallmuth, supra, and cases cited therein. In the present case, we first find that Plaintiffs failed to prove that NLMI breached its duty to provide reasonable supervision of the students in the cafeteria the morning of the altercation between Robert and Tyson. There were teachers present in the cafeteria and a security officer in an adjacent room, all of whom, by Robert’s admission, were able to respond immediately. The fact that a security officer was not present in the cafeteria when the altercation arose does not constitute failure to reasonably supervise. Second, we conclude that the altercation between Robert and Tyson was a spontaneous event, without warning, arising out of seconds of verbal argument. The altercation was neither foreseeable nor preventable by reasonable supervision. See Wallmuth, supra. Plaintiffs failed to present sufficient evidence of a prima facie case of negligence on the part of NLMI to obtain confirmation of default.
La. C.C.P. art. 2164 provides that the appellate court shall render any judgment which is just, legal and proper on the record on appeal. Comment (c) to the article instructs that the text is broad enough to “permit affirmance in full and all revisions and modifications, as well as reversals or remandings.” Many cases in which deficient proof on confirmation of default requires reversal warrant remand to the trial court for further proceedings. In the case sub judice, however, the testimony of Robert, the injured plaintiff and the only other participant in the altercation, was insufficient to sustain his burden of proof. Under the factual circumstances of this case, we find that Robert’s own testimony undermines his case and would preclude any finding of liability on the part of NLMI. We, therefore, find no reason to remand and, in the interest of justice and judicial economy, reverse the judgment of the trial court and render judgment in favor of NLMI. See Pepe v. Tournage, 128 So.2d 56 (La.App. 1st Cir.1961).
In light of our conclusion herein, we pretermit any discussion of the argument of NLMI regarding the trial court’s failure to allocate fault between it and Tyson.

CONCLUSION

For the foregoing reasons, the portion of the judgment of the trial court finding liability on the part of Northeast Louisiana Marine Institute, Inc. is reversed and judgment is rendered in favor of Northeast Louisiana Marine Institute, Inc. Costs are assessed to Plaintiffs, Robert Williams, Sr. and Fannie Williams.
REVERSED AND RENDERED.
WILLIAMS, J., dissents with written reasons.
LOLLEY, J., dissents for the reasons assigned by WILLIAMS, J.