STEWART J.,
concurring.
^JjWhile I agree that the default judgment should be reversed and the matter remanded for further proceedings, I would reach this result upon finding that the plaintiff, Robert W. Morgan a/k/a Morgan Enterprises, Inc. (“Morgan”), failed to present evidence sufficient to establish a prima facie case of his fraud claim.
Confirmation of a default judgment requires “proof of the demand sufficient to establish a prima facie case.” La. C.C.P. art. 1702(A). A prima facie case is established by proving the essential allegations of the petition with competent evidence to the same extent as if the allegations had been specifically denied by the defendant. Williams v. Smith, 45,069 (La.App.2d Cir.5/28/10), 37 So.3d 1133, writ denied, 2010-1530 (La.10/1/10), 45 So.3d 1103; Williams v. Interstate Dodge Inc., 45,159 (La.App.2d Cir.4/14/10), 34 So.3d 1151. The plaintiffs evidence must convince the *1206 court that it is probable that he would prevail at trial on the merits. Id.
Appellate review of a default judgment is restricted to determining the sufficiency of the evidence offered in support of the judgment. Arias v. Stolthaven New Orleans, LLC, 08-1111 (La.5/5/09), 9 So.3d 815. Though there is a presumption that the evidence presented supports the default judgment, this presumption does not apply where the confirmation hearing was transcribed and the record is before the court for review. Williams v. Smith, supra. In such cases, the reviewing court is able to determine from the record whether sufficient and competent evidence supports the default | {.judgment. Williams v. Interstate Dodge, supra. Here, the presumption that the evidence presented supports the default judgment does not apply. Morgan testified and the record of the hearing is before this court for review.
Though a contract is formed by consent of the parties, consent may be vitiated by error, fraud, or duress. La. C.C. arts.1927 and 1948; Hickman v. Bates, 39,178 (La.App.2d Cir.12/15/04), 889 So.2d 1249. Fraud is a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. La. C.C. art.1953. Fraud may also result from silence or inaction. Id.
The basic elements of an action for fraud against a party to a contract are (1) a misrepresentation, suppression, or omission of true information, (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another, and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim’s consent to the contract. Skannal v. Bamburg, 44,820 (La.App.2d Cir.1/27/10), 33 So.3d 227, writ denied, 2010-0707 (La.5/28/10), 36 So.3d 254; Shelton v. Standard/700 Associates, 2001-0587 (La.10/16/01), 798 So.2d 60. Additionally, there must be a resulting loss or damage. Williams v. Interstate Dodge, supra.
Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill. La. C.C. art.1954. However, this |sexception does not apply when a relation of confidence has reasonably induced a party to rely on the other’s assertions or representations. Id.; Skannal, supra.
Morgan testified that he assigned the mineral leases to Winbeau after Farr told him that he checked the leases and that they were no good. Morgan further testified that he told Farr “what I’m going to have to do is send somebody down to Red River Parish to the courthouse to check the leases so I can find out what I got.” Instead, he “just went basically on [Farr’s] say so.” Morgan explained that he had known Farr since 1995 from a prior transaction. They had “talked leases” during that time, and he seemed honest and “pretty capable of checking leases.” He knew Farr to be experienced in leasing whereas he claimed to not know anything about leases.
Even if Farr misrepresented the validity of the leases .to Morgan, the evidence offered in support of confirmation of the default judgment was not sufficient to establish a prima facie case of fraud. Under La. C.C. art.1954 fraud does not vitiate consent when the truth could have been ascertained without difficulty, inconvenience or special skill. In Mims v. Hilli-ard, 125 So.2d 205 (LaApp. 3d Cir.1960), the plaintiffs sought the cancellation of a mineral lease on the basis of fraud. The plaintiffs claimed that when they leased the 50-acre tract to the defendant, the defendant’s agent knew but did not inform *1207 them that the Commissioner of Conservation had recently included part of the tract in a new unit. Though the court found that the defendant knew of the unit when it obtained the lease, it also found that the ^information was a matter of public record and available to the plaintiffs, but that they failed to inquire. Accordingly, the plaintiffs’ fraud claim was denied.
Similarly, in Silbernagel v. Harrell, 18 La.App. 536, 138 So. 713 (La.App. 2d Cir.1932), a case relied upon by Winbeau in support of its appeal, plaintiffs, who were residents of New York, sought to nullify on the basis of fraud a quitclaim deed they executed in favor of the defendant. The plaintiffs alleged that on the basis of representations made by the defendant they believed they had no interest in the land when they granted the quitclaim deed. After granting the deed, they learned that they had owned a one-sixth interest. The court refused to annul the sale finding, in part, that even if there was any misrepresentation by the defendant, the plaintiffs had the same opportunity as the defendant to have the public record examined to determine what rights they had in the land. The court observed that when the plaintiffs executed the deed, “they did not believe they had any right, title, or interest in the land, and thought they were getting something for nothing. That in itself does not give them the right to have the sale annulled.” Id., at La.App. 540, 138 So. at 716.
In both Mims, swpra, and Silbemagel, supra, fraud claims were denied because the truth was ascertainable by the plaintiffs from examination of the public records or matters of public record. See also Downs v. Hammett Properties, Inc., 39,-568 (La.App.2d Cir.4/6/05), 899 So.2d 792.
| «¡Morgan testified that he told Farr that he would have to send someone to the Red River Parish courthouse to check the leases for him and find out what exactly he had. Nothing in Morgan’s testimony indicates that checking the leases in the public records at the Red River Parish courthouse to determine whether they were still good, or sending someone to do so, would have involved inconvenience, -difficulty or special skill. Morgan’s testimony does not establish that Farr did anything to prevent him from checking the leases for himself. Moreover, Morgan’s testimony does not show that he had a relation of confidence with Farr that reasonably induced him to rely on Farr’s representations.
A “relation of confidence” is not defined in La. C.C. art.1954. However, a relation of confidence was found in Skannal, supra, where the parties had worked together in numerous business ventures over a 25-year period, and in Hickman, supra, where a young plaintiff with “diminished capabilities” relied on her father’s and cousin’s assertions and representations in selling her inherited interest in her mother’s community property. In Lupo v. Lupo, 475 So.2d 402 (La.App. 1st Cir.1985), Jack Guzzardo, who was 69 years old, blind in one eye, with poor vision in the other, and suffering from other serious health conditions, was induced to sign an appeal bond for his long-time friend and attorney for more than 40 years, Joseph Lupo, who was going through domestic litigation. These facts, which showed Guz-zardo’s “vulnerable position,” and the duty of trust involved in an attorney-client relationship, led the court to find that Guzzar-do was induced by fraud to sign the bond. In a footnote, the court Incited La. C.C. art.1954, noting that it had not become effective until after the date of the incident but that it seemed to reflect earlier jurisprudence.
More recently, in Trotter v. Charles M. Fife, Jr. & Associates, LLC, 2009-860 (La.App. 3d Cir.4/28/10), 36 So.3d 426, the court affirmed a judgment finding that fraud was committed on the plaintiff, who *1208 was induced by the defendant, Charles Fife, to purchase five royalty'acres; Fife knew there were serious questions about title to the acreage and this fact was not disclosed to the plaintiff: ' Though the court did not specifically address whether there was a relation of confidence, it did emphasize that the deal was related to the plaintiff by a long-time trusted friend and that the plaintiff and Fife had engaged in many business transactions over a five-year period. The court stated, “Based on his past experience and multiple dealings with these individuals, Trotter believed he could trust in honest fair . dealing from Fife.” Id, 2009-860, p. 7, 36 So.2d at 431.
Morgan’s testimony does not show that there was a familial relationship, that he was in a vulnerable position due to health problems, or that Farr acted in a role of trust similar to that of an attorney. Though Morgan testified that he knew Farr from a prior transaction they did in 1995 and that they had talked about leases “a lot back in that span of time,” this testimony shows, at most, that Morgan and Farr were acquaintances who had once done business together. Morgan did not testify that they had a long-term business relationship involving multiple dealings as in Skannal, supra, or Trotter, supra, from which a relation of confidence would have developed over the years. Morgan’s assessment of Farr as seeming “to be |7an honest kind of guy and pretty capable of checking leases” does not appear to be based on a relation of confidence within the intendment of Lá. C.C. art.1954. As interpreted by jurisprudence, a relation of confidence requires more than a casual business acquaintance with whom you once did a transaction.
I find that the evidence offered by Morgan does not establish a prima facie case of fraud and is not sufficient to support confirmation of the default judgment. It appears from Morgan’s testimony that he could have ascertained the truth about the validity of the leáses without difficulty, inconvenience, or special skill, and that he was not reasonably induced to rely on Farr’s misrepresentation due to a relation of confidence between them.
I also note that the leases were not introduced into evidence by Morgan and that the two-page document represented as a certified copy of the assignment appears to be an incomplete copy. A plaintiff who knows of a writing which is the principal basis of his claim must produce it when it provides the best evidence of the facts at issue. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 268 So.2d 875 (1972). The assignment introduced into evidence consists of two pages with an additional two-page attachment listing the leases that were assigned. The first page of the assignment ends mid sentence stating, “ASSIGNOR also conveys herein all his right, title and Interest in and to all machinery,” but the sentence is not continued on the second page. Instead, the second page begins with the phrase “attesting witnesses, on this the 9th day of Feb. 2009.” Morgan is [ ¡¿relying on the fact that Winbeau subsequently transferred the lease rights to-Petrohawk with warranty of title to establish that the leases were still valid. The assignment in evidence has no warranty of title language, but one cannot conclude that it lacked similar language without reviewing the entire agreement. Because of the possible omission of pages, the assignment in evidence is not competent to prove a prima facie case, as suggested by Morgan, that he agreed to the assignment believing that the leases were “no good” as allegedly represented to him by Farr.
For these reasons, I concur.