TATE, Judge.
By this suit the plaintiff seeks damages for pei'sonal injuries, claiming that he slipped upon loose gravel negligently left in the pedestrian pathway across a street maintained by the defendant municipality. Plaintiff appeals from the dismissal of his suit after trial.
According to the plaintiff’s uncorroborated testimony, he slipped and wrenched his ankle upon loose gravel left laying in the pedestrian pathway at a street crossing by a municipal repair crew. He produced one witness, a fellow taxi driver who did not see the plaintiff fall but who allegedly saw him getting up from the street, immediately following which the plaintiff told him that “he tripped and fell down”; this witness saw no loose gravel, and did not observe whether or not the pedestrian crossing was barred from passage by barricades. Plaintiff produced one further witness, likewise in the taxi business, who stated that the pedestrian .crossway upon which the plaintiff claimed to have slipped was not barricaded while the street repair job was in progress.
The defendant produced, and the trial •court believed, the testimony of the three members of the municipal repair crew to the effect: (a) that the pedestrian pathway was barred by barricades while the street repair job was in progress; (b) that the loose gravel had been swept up the night before the alleged date of the accident, in preparation for the pouring of premixed concrete into the street excavation; and (c) that they did not see the plaintiff fall down, although they were present during the entire workday.
The trial court found to be completely untrue the plaintiff’s testimony that an accident had occurred. Its conclusion was based upon the testimony of defendant’s employees above-summarized; upon the plaintiff’s admitted failure to report the accident at the time to the work crew or thereafter for several weeks to city authorities; upon the acceptance as true of the testimony of a city alderman denying the plaintiff’s claim that the alderman had happened to drive up as the plaintiff fell and that the plaintiff had complained to him of the fall; upon plaintiff’s failure to produce the medical attendants to whom he had allegedly reported immediately after the accident, the plaintiff instead relying solely upon the testimony of a physician who first saw him about six weeks after the accident; and upon several cited improbabilities or inaccuracies in plaintiff’s testimony.
Under the circumstances reflected by this record, we cannot say that the trial court committed error in refusing to accept the plaintiff’s testimony as true. Except in instances of manifest error, a trial court’s factual determinations and evaluation of the credibility of witnesses should not be disturbed upon review.
Accordingly, the trial court judgment dismissing plaintiff’s suit is
Affirmed.