REGAN, Judge.
Plaintiff, Joseph Dominick, instituted this suit against the defendant, Continental Casualty Company, and Transportation Insurance Company,[1] the compensation insurers of his employer, Gulf Soap Corporation, endeavoring to recover the sum of $14,000.00 representing compensation for total and permanent disability which he asserts resulted from a back injury incurred by him in the course and scope of his employment.
*557 The defendants answered and generally-denied the allegations of the plaintiff’s petition.
The lower court rendered judgment in favor of the defendant, Transportation Insurance Company, dismissing the plaintiff’s suit at his cost. From that judgment the plaintiff has prosecuted this appeal.
The record reveals that the plaintiff was employed on January 15, 1962, as a manual laborer in his employer’s soap manufacturing plant at which time he sustained an injury to his back when he attempted to unfreeze a conveyor belt through the use of a large Stilson wrench. Plaintiff then complained that his back was injured, and as a result thereof he was referred to Dr. James T. McQuitty for treatment. Dr. McQuitty’s examination revealed spasm of the left sacrospinalis muscles with some limitation of motion, and his final diagnosis was that the plaintiff sustained a sprain of the sacrospinalis muscles.
Plaintiff submitted to physio-therapy for •several weeks, and Dr. McQuitty recommended that he return to light work on February 16, 1962, since his most recent examination had revealed a good range of movement and no muscle spasm.
Plaintiff subsequently returned to Dr. McQuitty and complained of pain and excessive urination. A urinalysis was performed and plaintiff was also referred, by Dr. McQuitty, out of an abundance of ■caution, to Dr. George Berkett, an orthopedic specialist, for an additional examination. After receiving reports relative to the result of the urinalysis and the orthopedic examination, Dr. McQuitty discharged the plaintiff and advised him to return to work.
The plaintiff initially was offered light work. However, most of the tasks in his •employer’s factory involved heavy lifting, and plaintiff was eventually required to resume his former activities. He complained that he could not perform such tasks, and consequently he terminated his employment ■on July 4, 1962.
On July 16, 1962, Dr. McQuitty again examined the plaintiff, but he was unable to discover any objective evidence which would even tend to sustain the plaintiff’s complaints.
The medical evidence offered by the plaintiff in support of his claim of compensation for total and permanent disability consisted of the testimony of Dr. Hyman So-boloff, an orthopedic surgeon, who examined him on January 7, 1963, almost one year after the accident. Dr. Soboloff related that his examination revealed no objective evidence of injury. He said that the plaintiff consistently complained of pain in his left flank, but he concluded that his complaint did not originate from an orthopedic source. Dr. Soboloff’s opinion was that the plaintiff had some ailment which involved the urinary tract.
The defendant, in resisting plaintiff’s claim, also requested the appearance of Dr. Samuel B. Nadler, a specialist in internal medicine, to testify in its behalf. Dr. Nad-ler related that he examined the plaintiff on September 17, 1962, at which time his complaints consisted of pain in the left lumbar region, shortness of breath, frequency of urination, and excessive fatigue. In Dr. Nadler’s opinion, these symptoms, together with a systolic heart murmur and the coloration of his eyes, were all consistent with a finding of anemia. This physician further observed that anemia could result from trauma if the injury caused excessive hemorrhaging. However, the nature of the injury incurred by the plaintiff, accompanied by the complete absence of any internal or .external bleeding, led Dr. Nadler to the inevitable conclusion that his anemic condition was not caused by his back sprain.
After hearing all of the testimony and arguments of counsel, the lower court asserted, in -its written reasons for judgment in favor of the defendant, that the plaintiff did not sustain the burden of proving that his anemia and disabling ailments of July, 1962, were caused by the injury of January 15, 1962. We are of the opinion that *558 the lower court was correct in reaching the foregoing conclusion.
It is well settled that in compensation cases, as in ordinary civil actions, the plaintiff must prove his case with reasonable certainty and by a preponderance of the evidence.[2] In this case, there is no evidence whatever inscribed in the record which reveals a causal connection between the plaintiff’s injury and his urinary and anemic ailments. Under the circumstances reflected by this record, we cannot say that the trial court committed error in refusing to render judgment for the plaintiff. Except in instances of manifest error, a trial court’s factual determinations and evaluation of the credibility of witnesses should not be disturbed upon review by an appellate court.[3]
For the foregoing reasons the judgment of the lower court dismissing plaintiff’s suit is hereby affirmed, at his cost.
Affirmed.

. Respective counsel conceded during oral argument in this court that the Transportation Insurance Company was the proper party defendant herein.

. See Milligan v. American Employers’ Insurance Co., La.App., 124 So.2d 614.

. Bonner v. Town of Leesville, La.App., 118 So.2d 154.