REGAN, Judge.
The plaintiff, Mrs. Helen Ryan Greco, instituted this suit against the defendants, Checker Cab Company of New Orleans, Inc., and Mr. and Mrs. Dewitt J. Galatas, endeavoring to recover the sum of $25,000.-00, representing damages for personal injuries incurred by her as the result of an intersectional collision between a vehicle driven by Mrs. Galatas and a Checker Taxi Cab which she occupied as a passenger.
The defendants answered and respectively denied that they were guilty of any negligence in the premises.
From a judgment' in favor of the defendants dismissing the plaintiff’s suit, she has prosecuted this appeal.[1]
The record reveals that on December 23, 1960, the plaintiff, accompanied by three other persons, entered a Checker Cab in the vicinity of the Gentilly Woods Shopping Center in the City of New Orleans, and requested that she be chauffeured to her residence. The operator thereof, H. W. Wing-ard, proceeded from there to St. Roch Avenue and then drove in a southerly direction, or toward the Mississippi River. In the intersection of St. Roch Avenue and Benefit Streets, the taxi collided with a Volkswagen station wagon which was being driven by Mrs. Galatas in Benefit Street in a westerly direction.
Wingard then removed himself from the taxi and talked to Mrs. Galatas in order to ascertain that no one was injured and that the property damage was very slight. He retrieved part of the cab’s bumper, which he placed on the front seat thereof. He then drove away from the scene of the accident. Plaintiff testified that he accelerated his vehicle very rapidly which caused her to strike the right side of her head against the right rear window of the taxi, which, of course, the cab company denies.
The suit as originally filed was predicated on the theory that the plaintiff was injured as a result of the collision between the taxi and the station wagon. The plaintiff conceded in the course of cross-examination that she was not injured in this collision. Moreover, her counsel consented in open court to the dismissal of the suit against Mr. and Mrs. Galatas. However, testimony was admitted, without objection of the de *748 fendant cab company, to the effect that when its driver accelerated from the scene of the accident the plaintiff struck her head on the rear window of the cab and suffered loss of hearing in her left ear, numbness of her left arm, and injury and stiffness to her neck and back.
Counsel for the plaintiff requested permission of the trial judge to amend the pleadings under the provisions of Art. 1154 of the LSA-Code of Civil Procedure to conform to the foregoing evidence and include this claim, but the court refused on the theory that to do so would be to introduce a new cause of action and substantially prejudice the defense of the Checker Cab Company.
It is unnecessary that we determine the validity of the trial court’s refusal to permit the amendment since this disputed testimony was introduced without objection. The pleadings were thereby enlarged to this extent; therefore, we have evaluated this evidence in connection with the result reached herein.
The trial judge in his written reasons for judgment stated, in effect, that the plaintiff’s testimony taxed his credulity, and he pointed out several examples thereof. We consider it charitable not to reiterate those examples herein. Suffice it to say that our examination of the record leads us to the inevitable conclusion that the plaintiff’s claim possesses no merit.
In view of what we have said herein-above, it is significant to point out that on November 27, 1960, twenty-six days prior to this accident, the plaintiff was involved in another automobile accident. She was thrown from the vehicle in which she was riding and sustained very serious injuries, including a skull fracture and brain concussion. When this accident occurred, she was, in effect, on temporary leave as a patient from the United States Public Health Hospital. Moreover, the medical testimony reveals that the plaintiff was unable to establish through the medium thereof, that her injuries, which form the subject matter of this suit, occurred when the taxi driver accelerated too fast.
 Under the circumstances reflected by this record, we are unable to pronounce that the trial judge committed error in refusing to accept the plaintiff’s testimony as true. Except in instances of manifest error, a trial court’s factual determinations and evaluation of the credibility of witnesses should not be disturbed upon review.[2]
For the foregoing reasons the judgment of the lower court is affirmed. The plaintiff is to pay all costs incurred herein.
Affirmed.

. Counsel for tlie defendants, Mr. and Mrs. Galatas, concedes in brief that his motion to dismiss was not timely filed herein; therefore, we have not considered it.

. See La.App., Bonner v. Town of Leesville, 118 So.2d 154.