No. 1911
Second Circuit Appeal

SAM CHARROTTE v. LOUISIANA COL
LEGE

(Jan. 12, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Fraud—Par. 3, 10.**
He who alleges a fraud must prove fully. It does not suffice that he introduced evidence that rendered it probable.

2. **Louisiana Digest—Fraud—Par. 3.**
Fraud will not be inferred from slight presumptions.

3. **Louisiana Digest—Obligations—Par. 101, 104 Builders and Buildings—Par. 19.**
Under a contract whereby the contractor was to furnish all the shingles necessary to complete a contract of roofing, it necessarily follows that the shingles left over after the job was completed belonged to the contractor.

Appeal from the Parish of Rapides, Hon. L. L. Hooe, Judge.

Action by Sam Charrotte against Louisiana College for $217.60 for balance due on contract and for 3 squares of shingles.

Judgment rendered for plaintiff. Defendant appealed, affirmed.

J. B. Nachman, of Alexandria, attorney for plaintiff, appellee.

Hawthorne and Stafford, of Alexandria, attorneys for defendant, appellant.

REYNOLDS, J. This is a suit of Sam Charrotte against the Louisiana College for the sum of $217.60, made up of two items.

1. $160.00 claimed as balance due on contract to furnish material and labor for roofing the Administration Building of Louisiana College.

2. $57.60 claimed for 3 squares of shingles used by the defendant, which plaintiff claimed was his property.

Defendant claims in its answer that the contract sued on was obtained through fraud a roof on the Administration Building of the Louisiana College was paid for by the College, and was the property of the College and that after the roof was completed there was an excess of shingles and roofing material in an amount aggregating in value a šum much greater than the amount sued for, which plaintiff retained and now owes.

Defendant prays that demands of plaintiff be rejected and for judgment in reconvention in such sum as the court should find to be due by the plaintiff to the defendant for shingles and other material belonging to the defendant and taken charge of by the plaintiff.

The first question to be decided is whether the plaintiff was guilty of fraud in obtaining the contract sued on, filed in evidence and marked "plaintiff 1" which contract is as follows:

Alexandria, La. 4-21-21.

Mr. C. Cottingham, President,
Louisiana College,
Pineville, Louisiana.

Dear sir:-

I propose to furnish all material and all labor necessary for the completion of the roof (no metal work included) to be applied on the Administration Building for Louisiana College, Pineville, La., using Gray Keasbey & Mattison asbestos slate, No. 16, 8" x 16", applied American method as per plans and specifications, for the sum of five thousand three and 50/100 dollars. Expense of hauling material needed from L. R. & N. Depot in Pineville, La. to be borne by La. College.

Terms: Roofing material net cash 10 days from date of invoice with shipping documents attached; pay roll for labor to be paid weekly, amount not to exceed $3.00 per square for roofing applied; balance of

contract price to be paid on the completion of the contract and acceptance by the architect.

Respectfully submitted,
Sam Charrotte, Contr.

· C. Cottingham, President La. College. Accepted May 11, 1921.

And which defendant alleges was procured by fraud. We have read the evidence carefully but have failed to find any evidence in any way connecting Sam Charrotte, the plaintiff, with fraud in the making or signing of this contract.

In Transcript, page 22, we find this evidence:

Q. The contract which was signed by Charrotte and Cottingham representing the Louisiana College, at whose solicitation was the contract drawn?

A. Mr. Cottingham's.

(T. Page 23)

Q. Cottingham asked that the contract be drawn?

A. Yes sir.

Q. And by whom was it drawn?

A. I drew it.

Q. And you presented it to Mr. Charrotte?

A. Yes sir. (T. page 15)

Q. The way you drew the contract the fact is, that the College is standing to lose all the shingles that were left there?

A. Yes sir, and if there were not sufficient to cover the building, if the breakage was great, Sam Charrotte stood a chance to lose whatever amount was necessary to cover the college.

(Trs. page 6)

Q. Did Prof. Cottingham read over the contract?

A. Yes sir.

Q. Did he make any suggestion to you as to any changes?

A. Yes sir, he spoke of the amount in the contract and asked if we should state the number of squares to be furnished or should we let the contract cover it as a whole. I remarked that we could state the number of squares, but frequently there was a portion of the shingles broken in shipment and that if we did and any more shingles were required, the Louisiana College would have to pay the difference, and asked if he wanted to state the number of shingles or just wanted to state the complete roof.

Q. What was his answer?

A. That they wanted the complete roof.

This testimony is the testimony of C. S. Yearger, Architect of the defendant College who represented the college in drawing the contract and presented same to Sam Charrotte for his signature.

Under this contract there is no doubt but that Sam Charrotte would have had to furnish all of the shingles necessary to complete the contract had the shingles ordered been insufficient to complete same.

It therefore follows that the shingles that were left over after the contract was completed belonged to the plaintiff Sam Charrotte.

It is a poor rule that "will not work both ways".

Marbury vs. Colbert, 105 La. 469, 29 South. 871.

As to the fraud defendant would have us believe Yearger guilty of, there is no direct evidence.

He who alleges a fraud must prove it fully. It does not suffice that he introduced evidence that rendered it probable.

Fort vs. Metayer, 10th Martin (O. S.) 436.

Fraud will not be inferred from slight presumptions.

Caldwell vs. Benestict, 8th Martin (N. S.) 454.

Defendant earnestly insists that the College paid for the 200 squares of shingles and other roofing material amounting to

$4,243.50 and that the said material technically and legally belonged to the College and that therefore all of the material used on the roof belonged to the College.

The contention we think is not sound for the reason we find from defendant's answer that the roofing material consisted of 200 squares of shingles together with the necessary ridge roll cost $4,118.50 and 200 squares roofing felt cost $125.00 making a total for the entire roofing furnished $4,243.50. This amount was charged to Sam Charrotte by the College as shown in one check filed in evidence and marked "Deft. 2" and was used by him in paying for all the roofing material bought—Thus making all of said material belong to him (Charrotte).

Having reached the conclusion that the contract can not be set aside as fraudulent and that the over-run of the roofing material belonged to plaintiff and he is entitled to judgment for the balance ($160.00) sued for on the contract and to the value of 3 squares of shingles which the defendant admits in its answer the College used. The evidence uncontradicted shows that they were worth $19.20 per square—$57.60, thus making up the amount sued for $217.16.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed at defendant's cost.