85 So.2d 6

George C. McCLATCHEY

v.

**GUARANTY BANK & TRUST COMPANY,**
Joseph Walters & Marcel Duhon.

No. 41842.

Dec. 12, 1955.

Rehearing Denied Jan. 16, 1956.

See also, 222 La. 735, 63 So.2d 738.

J. Minos Simon, Lafayette, for plaintiff-appellant.

Davidson, Meaux, Onebane & Nehrbass, Piccione & Piccione, Lafayette, for defendants-appellees.

PONDER, Justice.

The plaintiff brought suit in the district court seeking to recover from the defendants the sum of $2,071 which he alleges

was wrongfully paid to the defendants, Walters and Duhon, under a check given them by the plaintiff and cashed by the defendant bank. Walters and Duhon excepted to plaintiff's petition on the ground that it disclosed no right or cause of action and answered alleging that the alteration was authorized by the plaintiff. The Bank interposed a plea of one year peremption under LSA–R.S. 6:53. The plea of peremption was sustained and the exception of no cause or right of action was referred to the merits. On trial the lower court gave judgment dismissing plaintiff's suit. The plaintiff appealed. During the pendency of the appeal, the plaintiff died and his widow and son have been substituted as appellants. Thereafter, the defendants filed a plea in abatement in this Court.

George C. McClatchey gave the defendants, Walters and Duhon, his check drawn on the First National Bank of Lafayette, dated January 14, 1950, in the amount of $2,071, in payment of a gambling debt, representing losses on horse race wagers. The defendant Walters altered the check by striking out "First National Bank of Lafayette" and writing above the name of the defendant bank "Guaranty Bank & Trust Company" and changing the date of the year 1950 to 1951 by placing a "1" over the "0". There is some dispute in the evidence as to whether or not the word "hold" was written on the face of the check when it was executed, but the lower court arrived at the conclusion that the word "hold"

was not written on the check and the trial judge states in his written opinion that an examination of the check bears out this conclusion as well as a preponderance of the evidence. We think his conclusion in this respect is correct and the sole dispute arising in this case is whether or not McClatchey authorized Walters to make the above described alterations on the check. The testimony of McClatchey and Walters are in hopeless conflict.

The plaintiff's suit is based on the ground that the payment of the check was secured through fraud and deceit by means of a forged or altered check and that the defendant bank was grossly negligent in cashing the check when the alterations were obvious to the naked eye.

■ Pretermitting the exception and pleas filed in this case it is apparent that the plaintiff McClatchey failed to prove his case. It is provided in Article 2983, LSA–Civil Code, "The law grants no action for the payment of what has been won at gambling or by a bet, except for games tending to promote skill in the use of arms, such as the exercise of the gun and foot, horse and chariot racing. And as to such games, the judge may reject the demand, when the sum appears to him excessive." And it is also provided in Article 2984, LSA–Civil Code as follows: "In all cases in which the law refuses an action to the winner, it also refuses to suffer the loser to reclaim what he has voluntarily paid, unless there has been, on the part of the

winner, fraud, deceit, or swindling." A mere reading of these two articles of the Civil Code demonstrates that the loser of a gambling debt cannot claim what he has voluntarily paid "unless there has been, on the part of the winner, fraud, deceit, or swindling." It is well settled in our basic law, as well as our jurisprudence, that he who alleges fraud must prove it. State ex rel. Woodard v. Ozley, 203 La. 579, 14 So.2d 452 and the numerous authorities cited therein. In the case of Sanders v. Sanders, 222 La. 233, 239, 62 So.2d 284, 286, this Court stated: "In the jurisprudence of this court it has said that the charge of fraud is a most serious one; that one who alleges fraud has the burden of establishing it by legal convincing evidence since fraud is never presumed, and that to establish the fraud exceptionally strong proof must be adduced. Strauss v. Insurance Co. of North America, 157 La. 661, 662, 102 So. 861; Garnier v. Aetna Ins. Co. of Hartford, Conn., 181 La. 426, 159 So. 705; Mutual Life Ins. Co. of New York v. Rachal, 184 La. 430, 166 So. 129; Metcalf v. Monsour, 195 La. 570, 197 So. 235; Mente & Co., Inc., v. Roane Sugars, Inc., 199 La. 686, 6 So.2d 731; American Guaranty Co. v. Sunset Realty & Planting Co., Inc., 208 La. 772, 23 So.2d 409. It has also been said that evidence showing the fraud was probable or that the circumstances partook of a suspicious character is not sufficient, and that the fraud must be established by proof stronger than the mere preponderance of the evidence. Angichiodo v. Cerami, D.C., 35 F.Supp. 359; Fort v. Metayer, 10 Mart., O.S., 436; Charrotte v. Louisiana College, 1 La.App. 438; Woodward v. Barringer, La.App., 24 So. 2d 200." This pronouncement was quoted with approval in the case of Buxton v. McKendrick, 223 La. 62, 64 So.2d 844.

In view of the fact that the testimony of McClatchey and Walters is in hopeless conflict as to whether or not the alteration of the check was authorized, the plaintiff has failed to establish fraud with clear and convincing proof as required by our law and jurisprudence.

For the reasons assigned the judgment dismissing plaintiff's suit is affirmed at appellant's cost.

McCALEB, J., concurs in the decree.