FRUGE, Judge.
This is a suit for a declaratory judgment wherein the plaintiff, Dumas Cormier, seeks to have recognized as valid a community property settlement between the defendant, Josephine Ailemand Billeaudeau (Beo-deaux), and plaintiff’s ancestor in title to certain property in Acadia Parish.
Defendant and Gustave Cahanin were married and five children were born of the marriage. During their marriage they acquired certain property, including the property in question in this suit. They were divorced on January 17, 1918. On February 19, 1930, an authentic act of sale was allegedly entered into between the defendant and her divorced husband, Gustave Cahan-in, whereby Gustave Cahanin transferred a certain four acres of property to the defendant for a sum of $300. Also included in the act was the following:
“The vendor and vendee herein not knowing how to signe their naimes maike their ordinary mark in presence of the undersigned witness, now the said Mrs Josephine Ailemand Baidoux, hereby excepts this property asafull settlement of that part of the community property that was due her while the marriage existed by and between the Vendor herein Gestave Cahanin, and that she declares that this a full settlement and releases the said Gustave Ca-hanin from any other payments or interest in the Succession in future hereafter that is due her under the Marriage formely exzested by and between the said Josephine Ailemand Biadoux, and the said Gestave Cahanin.”
*781 If the act of sale and the above quoted clause are valid, then the property in question in this suit became the separate property of Gustave Cahanin as of February 19, 1930. Upon his death the property of Gus-tave Cahanin was partitioned by his children. Thereafter, the property in question in this suit eventually was transferred to the plaintiff on December 2, 1949.
Defendant contends that she is the owner of an undivided one-half interest of the property in question because she did not sign the instrument of February 19, 1930, which purported to be a settlement of the community property. In the alternative, defendant argues that if the instrument is declared valid it is nevertheless invalid as to the property in question in this suit because the instrument contains no description of this particular property.
The trial judge rendered a judgment in favor of the plaintiff. From this judgment defendant appeals.
He who alleges fraud has the burden of proving it by convincing evidence. LSA-Civil Code Article 1848; McClatchey v. Guaranty Bank and Trust Co., 228 La. 1103, 85 So.2d 6, and cases cited therein. In the present case the district judge found that the defendant had not sustained her burden of showing that she had not signed the instrument. Defendant testified that she had never signed the document of February 19, 1930. However, there was other testimony indicating that she did sign it. We find that the record supports the district judge’s finding that the defendant did not sustain her burden of proving that the document was fraudulent. We therefore hold that the agreement was validly executed.
Defendant’s alternative argument is that the instrument of February 19, 1930, is not a deed translative of title to the property in question because there was no adequate description of the property in the instrument. The latest expression of the Supreme Court we find on this subject is in Saunier v. Saunier, 217 La. 607, 47 So.2d 19, in which the Court states as follows:
“Mrs. Saunier in consideration of her receiving the sum of $5,000 cash and certain real estate, and of Mr. Saunier assuming all of the debts of the community formerly existing between them, transferred, conveyed and delivered unto him, ‘all of her right, title and interest in and to all movable and immovable property belonging to the community of acquets and gains * * *,’ with the exception of the property and $5,000 cash which she had received. We are of the opinion that the wording of that agreement which became a part of the judgment clearly evidenced her intention to transfer and convey to her husband whatever right she may have had in any claim the community may have an interest in after its dissolution, including a claim for a refund of an over-payment of these federal income taxes.”
Under this expression of the Supreme Court it was not necessary for the defendant and her divorced husband to completely describe the property in question. The agreement evidenced her intention to relinquish whatever right she may have had in any interest of the community other than that which she received by the instrument. We expressly do not hold that the instrument in question is a deed translative of title so as to require that the real property be described with particularity. See Daigle v. Calcasieu National Bank, 200 La. 1006, 9 So.2d 394. We further note that since the defendant here is a party to the original instrument by which she relinquished whatever rights she had in the property, we are not here concerned with the question of whether a third party purchaser may have been prejudiced by the lack of a particular description.
We therefore affirm the district judge’s holding that the document of February 19, 1930, was sufficient to bar the defendant *782 wife from claiming a community interest in the subject property.
For the foregoing reasons the judgment of the district court is affirmed with costs of this appeal assessed to defendant.
Affirmed.
TATE, J., concurs in the decree.