SAVOY, Judge.
The instant suit was instituted by the testamentary executor of the succession of Lovic N. Mills to set aside and declare null and void a sale made by Lovic N. Mills in favor of Andrew J. Fowler on January 12, 1962. The executor alleged that the sale from Lovic N. Mills to Andrew J. Fowler was null and void for the following reasons:
“(a) That the signature of the vendor, Lovic N. Mills, is not a true and valid and genuine signature of Lovic N. Mills, decedent, who, was, at the time of his death, the owner of the above described property;
“(b) In the alternative, if this be the signature of Lovic N. Mills, which is not admitted, but which is denied; then plaintiff alleges that the instrument is null, void and of no effect, for the following reasons, to-wit:
“(1) That there was no consideration for this signature and for this sale;
“(2) That on January 12, 1962, and for some time prior thereto and subsequent thereto, that Lovic N. Mills was not mentally or physically able to enter into such an agreement and contract of sale;
“(3) That there was a mistake of fact in that the said Lovic N. Mills never intended to sell the property described in the deed;
“(4) That the signature was procured by fraud or deceit or misrepresentation, and there was never any agreement or understanding on the part of Lovic N. Mills to sell to Andrew J. Fowler the property described in the deed.”
The defendant filed an answer to plaintiff’s petition admitting the sale from Mills to Fowler and stated there was ample *808 consideration for said sale. He denied all of the other allegations of plaintiff’s petition and asked that plaintiff’s suit be dismissed and his demands rejected.
After a trial on the merits, the district judge, without assigning any written reasons, rendered judgment in favor of defendant,, dismissing plaintiff’s suit and rejecting his demands. From this judgment plaintiff has appealed to this Court.
This Court will discuss the grounds for nullifying the sale in the order in which they appear in plaintiff’s petition.
The first ground for nullifying the sale is that the signature of Mills on the sale from Mills to Fowler is not a true, valid and genuine signature of said vendor. Plaintiff had a handwriting expert examine the deed in the instant case, and he concluded that the signature on the deed was that of Lovic N. Mills. This being true, the first ground is without merit.
The second ground for setting aside the sale is that there was no consideration for same.
The record shows that on the night of January 12, 1962, defendant, along with Edgar Fowler, William N. Tarver and Troy L. DeRamus, went to decedent Mills’ home, where the purported act of sale occurred. Mr. DeRamus acted as Notary. He, along with the other witnesses, testified that the decedent invited them to come into his home; that the deed had already been prepared; that at the request of the decedent, the deed was read to him; and, that the consideration for said sale, namely the sum of $10,000.00, was paid as follows: defendant handed to the decedent forty $100.00 bills and a check for $6,000.00.
The record shows further that Lovic N. Mills died on February 11, 1962; that the deed in the instant case was recorded on March 6, 1962; and, that the check given by defendant to Lovic N. Mills was cashed on February 12, 1962, and that the plaintiff’s handwriting expert testified that the endorsement on the check was that of Lovic N. Mills.
Counsel for plaintiff contends in his brief and on oral argument, that there was no consideration for said act of sale for the reason that after the death of Lovic N. Mills, no cash was found on his person or in his home. The record shows that when decedent was in the hospital, many persons went into his home, and it is possible that one of these persons could have taken the money, namely the $4,000.00 cash allegedly paid by defendant to Mills. Plaintiff contends that on the date the check in question was cashed at the Security National Bank in Alexandria, Louisiana, Mrs. Wilder, an employee of said bank, handled the transaction. She stated she did not require identification of the signature of Mr. Mills for the reason that the defendant was in the bank at the time. It is plaintiff’s contention that defendant went to said bank with an unknown party who cashed the check and gave the proceeds of said check to the defendant. However, on cross-examination, Mrs. Wilder could not state to whom the money had been given. Defendant produced several witnesses who testified that at the time Mrs. Wilder stated he was in the bank, he was actually on his farm near Alexandria, Louisiana.
Plaintiff contends also that the fact that defendant waited so long to record the deed casts suspicion on the whole transaction. Defendant explained that the delay in recording the deed was due to the fact that he, a party in the Assessor’s office, namely Rufus M. Smith, and an abstractor, namely Neal Fisackerly, examined the public records in search of a plat of certain property that Lovic N. Mills had purchased which forms a part of the property sold in the instant case, to determine if the acreage set forth in the instant deed was correct.
Plaintiff contends further that on the date of the sale from Lovic N. Mills *809 to defendant, and for some time prior thereto, Mills was not mentally or physically able to enter into such an agreement and contract to sell. The evidence discloses that Mills lived on the home place alone; that he transacted all of his business without the help of anyone; that although he was over eighty years of age, he was mentally alert, was hard of hearing, and did not see too well, but other than that, he did not have any serious physical infirmities.
In the case of Kingsbury v. Whitaker, 32 La.Ann. 1055, the court said:
“ * * * Sanity, or soundness of mind, being the natural condition of man, insanity is never to be presumed, but must be affirmatively and contradictorily established. This rule, which is founded on reason and common sense, is sanctioned by the jurisprudence of England, France and of our own country, and has been consecrated by the most distinguished authors on this subject. * * *”
This Court is of the opinion that at the time of the sale from Mills to defendant, Mills was mentally and physically able to enter into said act of sale.
Plaintiff next contends there was a mistake of fact in that the said Mills never intended to sell the property described in the deed. Since Mills is dead, his intentions are unknown; but, since he signed the act of sale, it is presumed he intended to sell the property involved in the litigation.
The last contention alleged by plaintiff is that the signature was procured by fraud, deceit or misrepresentation.
In the case of McClatchey v. Guaranty Bank & Trust Company, 228 La. 1103, 85 So.2d 6, the Supreme Court of this State said:
“ * * * It is well settled in our basic law, as well as our jurisprudence, that he who alleges fraud must prove it. (Citations omitted.) In the case of Sanders v. Sanders, 222 La. 233, 239, 62 So.2d 284, 286, this Court stated: ‘In the jurisprudence of this court it has said that the charge of fraud is a most serious one; that one who alleges fraud has the burden of establishing it by legal convincing evidence since fraud is never presumed, and that to establish the fraud exceptionally strong proof must be adduced. (Citations omitted.) It has also been said that evidence showing the fraud was probable or that the circumstances partook of a suspicious character is not sufficient, and that the fraud must be established by proof stronger than the mere preponderance of the evidence. (Citations omitted.)’ * * * ”
We are of the opinion that plaintiff has not established fraud as required by the authorities cited hereinabove.
There was a recitation in the act of sale from Mills to defendant that Mills was to remain in possession of the property until his death. In his brief, counsel for plaintiff makes the following statement:
“Article 2480 of the Revised Civil Code provides that where the thing sold remains in possession of the seller because he has reserved to himself the usufruct or retained possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith and establish the reality of the sale. * * ”
This Court is of the opinion that LSA-Civil Code Article 2480 is not applicable to the instant case for the reasons that third parties are not involved in the instant case, and that the record in the instant case shows that defendant paid at least $6,000.00 for said property.
While the trial judge did not favor us with a written opinion, it is apparent from *810 his decision that he believed defendant and his witnesses; and, since this case involves only factual issues, we will not disturb his holding herein.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.