PRICE, Judge.
This is a suit on a promissory note which was defended on behalf of one defendant on the basis that the debt had been discharged in bankruptcy. The issue to be resolved in the case is whether the creditor is precluded by the discharge from suing on the debt because of the submission to it *164 of an allegedly false and fraudulent list of creditors by the defendant.
Plaintiff, a finance company doing business in Bastrop, Louisiana, filed this suit against Philip Michael Cote and his wife, Linda Sue Cote, in the sum of $768.00, together with interest and attorney’s fees, said sum allegedly representing the unpaid balance on a chattel mortgage note executed by Philip Cote and his wife and held by plaintiff. The note is dated June 29, 1967.
Defendant, Philip Cote, set up as his defense his discharge in bankruptcy, having been adjudicated such on July 20,1967.
The trial court rendered judgment in favor of plaintiff against the defendant, Linda Sue Cote, for the full sum prayed for. The trial court further ordered that the plaintiff’s demands against the defendant, Philip Cote, be rejected. From this adverse judgment plaintiff has appealed.
The testimony shows that, at the time of the signing of the note, Philip Cote was required to fill out and sign a financial statement, in which he was to set out all his outstanding indebtedness. The financial statement, as signed by Philip Cote, listed three debts totaling $1,578.49. Defendant’s petition in bankruptcy listed the same three debts and the debt owed to Beneficial Finance, but also listed two other secured debts (total: almost $4,000.00) and three unsecured debts totaling $121.00. One of the secured debts listed in the bankruptcy petition was a note co-signed for Gary Delmar, defendant’s brother-in-law, to General Motors Acceptance Corporation (hereinafter referred to as GMAC) and the other secured debt was to the credit union where defendant was employed.
Defendants testified that, at the time of the signing of the financial statement, they informed Mr. Warwick (plaintiff’s manager at the time) of the outstanding debt at the credit union. They stated that Mr. Warwick told them that he would find out about it and because of this it was not included in the financial statement. Mr. Warwick, of course, testified contrary to this assertion. Defendants also testified that the three unsecured debts were explained to Mr. Warwick and that he assured them that these debts were not the type to worry about or be included in the financial statement. As to the note to GMAC, the defendant, Philip Cote, testified that, at the time of the financial statement, he owed nothing on the note and that Delmar was still in possession of the car. Philip Cote stated that Delmar later wrecked the car and refused to make the payments on the note and it was at this time that he became liable on the note.
Mr. Warwick testified that no such conversations ever took place and that had he known of these outstanding debts he would not have made the loan.
The trial judge, in his reasons for judgment, stated:
“From the testimony of the plaintiff and the defendants, there was no dispute that the defendant, Philip Michael Cote, made the financial statement. In the Court’s opinion the burden of proof required of the plaintiff is not sufficient to prove that the representations were made with the intent of defrauding the plaintiff, nor is the Court convinced from the testimony that the plaintiff relied upon and was misled by these false representations. * * *”
The plaintiff-appellant relies here, as it did in the trial court, on 11 U.S.C.A. § 35(a) (2) [Bankruptcy Act § 17(a) (2)], as amended in 1960, and which reads in part:
“(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or proper *165 ty by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, * *
The 1960 amendment was explained in 9 Am.Jur.2d § 785, p. 587, which reads as follows:
“In the Senate report on the bill, it has been explained that the purpose of the amendatory act is to assure that although the obtaining of money or property on credit through the issuance of a false financial statement is no longer to be grounds for the denial of a discharge to a nonbusiness bankrupt, any obligation incurred as a result of such a statement is to be nondischargeable under § 17 of the Bankruptcy Act.”
The law of Louisiana has been- for many years, when dealing with this particular section of the Bankruptcy Act, that for the plaintiff to prevail he must establish: (1) The defendant made false representations ; (2) Those representations were made with the intent of defrauding the plaintiff; (3) The plaintiff relied upon and was misled by the false representations. C. H. F. Finance Co. v. Jochum, 241 La. 155, 127 So.2d 534 (1961); X-L Finance Co. v. Donaway, La.App., 195 So.2d 730 (1st Cir., 1967); Feliciana Finance Co. v. Bateman, La.App., 194 So.2d 781 (1st Cir., 1967); General Finance Loan Co. v. Allen, La.App., 165 So.2d 20 (2nd Cir., 1964); De Latour v. Lala, 15 La.App. 276, 131 So. 211 (Orleans, 1930).
The plaintiff-appellant urges that the case of Beneficial Finance Co. of Louisiana v. Lathrop, La.App., 207 So.2d 220 (4th Cir., 1968) is applicable to the instant case. In that case the court found that there was a complete absence of reasonable effort to disclose a semblance of the debt- or’s bad financial condition. The financial statement in that case disclosed around $21,000.00 in debts, whereas the petition in bankruptcy showed around $62,000.00 in debts. There the defendant had obtained two other loans on the same day and had filed his petition in bankruptcy within thirty days of the loan by the plaintiff. The inference that plaintiff-appellant in the instant case wishes to draw is that the documents themselves import an intention to deceive on the part of the debtor, and in a case where the outstanding debts are far greater than those listed on a financial statement the requirement of intent to deceive is readily met.
In 1955 the Supreme Court of Louisiana, in the case of McClatchey v. Guaranty Bank & Trust Co., 228 La. 1103, 85 So.2d 6, 8 (1955), commented on the burden of proof necessary to establish fraud. Justice Ponder stated:
“It is well settled in our basic law, as well as our jurisprudence, that he who alleges fraud must prove it. (Citations omitted) In the case of Sanders v. Sanders, 222 La. 233, 239, 62 So.2d 284, 286, this Court stated:
‘In the jurisprudence of this court it has said that the charge of fraud is a most serious one; that one who alleges fraud has the burden of establishing it by legal convincing evidence since fraud is never presumed, and that to establish the fraud exceptionally strong proof must be adduced. (Citations omitted.) It has also been said that evidence showing the fraud was probable or that the circumstances partook of a suspicious character is not sufficient, and that the fraud must be established by proof stronger than the mere preponderance of the evidence. (Citations omitted.)’ * * * »
In Accounts Supervision Co. v. Atley, La.App., 89 So.2d 508, 511 (1st Cir., 1956), the First Circuit, through Judge Tate, stated:
“ ‘Something more than constructive fraud or fraud in law in procuring prop *166 erty on credit is required to except the claim from a discharge,’ 6 Am.Jur. 1007, Verbo ‘Bankruptcy’, Section 781. ‘[F]raud is never presumed, and * * * to establish the fraud exceptionally strong proof must be adduced. [Many, cases cited.] It has also been said that evidence showing the fraud was probable or that the circumstances partook of a suspicious character is not sufficient, and that the fraud must be established by proof stronger than the mere preponderance of the evidence [cases cited]’, McClatchey v. Guaranty Bank & Trust Co., 228 La. 1103, 85 So.2d 6, at page 8.”
Defendant-appellee contends that the plaintiff-appellant has not shown an intent to deceive nor has it shown a reliance upon the financial statement executed by Philip Cote.
The Supreme Court in C. H. F. Finance Co. v. Jochum, 241 La. 155, 127 So.2d 534 (1961) pointed out that no hard and fast rule can apply to every claim against a bankrupt for obtaining money or property on credit through false representations or false pretenses as to his financial condition at the time the money or property is obtained.
Whether the plaintiff-appellant has proven an intent to deceive or a reliance upon a false financial statement is a question of fact. The trial court thought the testimony of plaintiff unconvincing and held that it had not sustained the burden of proving those two requirements and denied recovery to plaintiff as to defendant, Philip Cote. After a reading of the record, we are of the opinion that plaintiff has not established fraudulent intent as required by the authorities cited hereinabove and can find no manifest error in the decision of the trial court.
For the reasons assigned, the judgment of the district coiirt is affirmed at appellant’s costs.