GARDINER, Judge.
Defendant is appealing from a judgment in favor of plaintiff for $770.00, representing the unpaid balance due on defendant’s promissory note, together with interest, attorney’s fees and costs.
Plaintiff, a finance company, originally loaned defendant $840.00 on May 1, 1967, on which date defendant executed the note sued on, payable in monthly installments of $70.00. Defendant failed to make any payment on the note after paying the first installment.
In his answer to plaintiff’s petition, defendant set forth affirmatively his discharge in bankruptcy as a defense to plaintiff’s suit (C.C.P., art. 1005), claiming that he listed plaintiff as a creditor in the bankruptcy and he was therefore released from any liability on the note as his discharge in bankruptcy barred plaintiff’s recovery.
After hearing the testimony of plaintiff’s representative, who was its vice president and who negotiated the loan, and the testimony of defendant himself, the Judge of the First City Court of New Orleans concluded that defendant had filed a “false” financial statement with intent to deceive and that plaintiff relied upon it to make the loan.
Plaintiff in the lower Court and on this appeal relies upon the provisions of the Bankruptcy Act, as amended, Sec. 17(a) (2), 11 U.S.C.A. sec. 35(a) (2), and contends that at the time defendant executed the note, he also signed and submitted to plaintiff a financial statement in which he represented that he was indebted to three named creditors totalling $2,304.00, and that it relied upon the verity and truth of defendant’s written representations which were made by him with the intent to deceive plaintiff.
Defendant testified that Anthony G. No-to, plaintiff’s vice president, told him to list only “a few of his debts.” However, he admitted that on the day he made the loan, he had many other debts. He said that he, Noto and Noto’s father were personal friends and that he was accompanied to plaintiff’s office to arrange the loan by Noto’s father; that Noto’s father knew that defendant had those other debts and because of this fact, he stated that Noto himself should have known he had creditors other than those listed on the financial statement. Defendant contends that plaintiff did not rely on the financial statement *655 but instead upon Noto’s long standing friendship with defendant.
Defendant’s witness, Noto, testified that he had known defendant since 1962 or 1963 as a customer for loans when Noto worked for other companies, and that his “previous experience with the man [Laco-pulos] had been good.” He also said that while he relied upon his friendship and past knowledge of the defendant’s ability to repay the loans, he “also” relied “upon the financial statement”; that at the time he made the loan he “asked Johnny [defendant] to make sure you list all of your debts * * * ” and “to be sure to include all bills on real estate, automobiles, furniture, etc., and debts to loan companies or banks as well as other obligations,” as is indicated in the printed application which defendant signed. When asked by the trial Judge if he would have made the loan had he known of the other debts listed on the bankruptcy schedule, he anwered: “Not if I had known what’s on the bankruptcy schedule.”
The financial statement signed and filled in by defendant himself and offered in evidence by plaintiff is as follows:

Schedule A-3 of the bankruptcy proceeding listing defendant’s creditors, was introduced into evidence and it shows that he owed clothing and food stores and loans made by finance companies, and that his total unsecured debts were $8,383.58. The *656 bankruptcy proceedings were filed on July 24, 1967, three months after the said loan was made.
Counsel for defendant cites as authority for reversing the judgment of the lower Court the case of Excel Finance Mid City, Inc. v. Meilleur, La.App., 137 So.2d 503, decided by this Court. The facts in that case are easily distinguishable from those here. There the defendant had been borrowing from plaintiff for 12 years and as he renewed or increased his loan, he would sign a new note and any other papers in blank, which were prepared and filled in by plaintiff’s representative. Meilleur signed the financial statement in blank in black ink and it showed that the information that he had no other debts or loans was written in blue ink. This Court said that the company had the means to check defendant’s financial responsibility within its own organization but instead closed its eyes to what was obviously not true and could easily have been detected, that is, that the defendant had other debts, and gave a false financial statement. This Court held that the note was discharged by defendant’s bankruptcy since plaintiff failed to prove by the evidence that it was misled into renewing the original loan and relied on the false statement made by defendant.
In Beneficial Finance Company of Louisiana v. Lathrop, La.App., 207 So.2d 220 (cert. den.), we found that the evidence showed an overwhelming difference between the debts listed by defendant on the financial statement and the debts listed in his subsequent bankruptcy proceedings. We said that “the complete absence of some reasonable effort to disclose at best a semblance of his bad financial condition was caused by defendant’s knowledge that with such disclosure his loan definitely would not be approved.” We held that the evidence established the fact that defendant made a false statement with intent to deceive and that the debt was not discharged in bankruptcy. Our decision was cited and relied upon by the plaintiff and referred to in the recent case of Beneficial Finance Company v. Cote, La.App., 216 So.2d 163, decided by the Court of Appeal, Second Circuit. In that case the Court found that the plaintiff did not prove an intent to deceive nor a reliance upon a false statement.
The evidence in this record leads us to the conclusion that plaintiff has sustained the burden of proof that defendant’s intent was to deceive the plaintiff and that it relied upon the financial statement.
For the reasons assigned, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.