CHASEZ, Judge.
This is a suit on a promissory note by the holder and payee, North American Finance Corporation, against the makers of the note, Jacob J. Ketchum and his wife Marie P. Ketchum, defendants-appellants herein.
Judgment was rendered in favor of North American for the full amount of its demand which included 8% interest together with 20% attorney’s fees and all costs.
Defendants answered plaintiff’s demand with a general denial and the special defense of discharge in bankruptcy.
At the trial of this matter plaintiff countered defendants’ claim of discharge in bankruptcy with evidence that defendants executed a false financial statement with the plaintiff in order to secure the loan; that plaintiff relied upon and was misled by this false financial statement, and that the representations in this statement were made with the intention of defrauding the plaintiff.
The defendants attempted to prove that plaintiff did not rely upon the financial statement executed by the defendants to se *698 cure the loan. They admitted that they did not list all their existing obligations on the statement but claim that the plaintiff’s loan officer had advised them that this was not necessary, just as long as they listed some of their larger outstanding debts.
Our law is quite clear that when dealing with 11 U.S.C.A. § 35(a) (2) [Bankruptcy Act § 17(a) (2), as amended in I960,] that for the plaintiff to prevail he must establish — (1) the defendant made false representations; (2) these representations were made with the intent of defrauding the plaintif; and (3) the plaintiff relied upon and was misled by the false representations. Beneficial Finance Company v. Cote, La.App. 2 Cir. 1968, 216 So. 2d 163, and numerous cases therein cited.
Further, whether the plaintiff has proven an intent to deceive and reliance upon a false financial statement is a question of fact, to which the finding of the trial Court must be given great weight. Beneficial Finance Company v. Cote, supra.
At the conclusion of the taking of evidence herein, in finding for the plaintiff the trial judge stated only, “Although the Court is in sympathy with the defendants, they did sign a false financial statement, therefore there will be judgment in favor of the plaintiff as prayed.”
This statement taken alone leaves us in doubt as to whether he considered the question of whether plaintiff successfully carried his burden of proof of establishing that defendants did have the intent to deceive, and plaintiff did rely upon this deception. However the record reveals that the trial judge did make a special point of questioning on these points, as follows:
“BY THE COURT:
“I want to ask Mr. Liberto a few questions.”
“Q. Mr. Liberto, you heard Mr. and Mrs. Ketchum testify you told them to only list a few debts. Is that correct sir? You know you’re under oath?”
“A. Yes sir, I know I’m under oath. Never told anybody that in my eighteen years in the business.”
“BY THE COURT:
“Q. Just asking about them.”
“BY THE WITNESS:
“A. Yes sir. I didn’t tell them that.”
“BY THE COURT:
“Q. Later you testified if you had known of those other debts, you would not have made the loan ?
“BY THE WITNESS:
“A. No sir.”
“BY THE COURT:
“Q. You relied on that financial statement ?”
“BY THE WITNESS:
“A. Yes sir, in this particular case, I did.”
In any event we find from our own examination of the testimony and evidence that the plaintiff did successfully carry this burden.
Although the defendants both testified that Mr. Vincent Liberto, the loan officer for plaintiff, simply told them to put down just their large debts; Liberto denied making this statement. It must be noted that while the total debts listed by defendants were $4,044.00, the amount of their outstanding obligations at that time was in fact in the neighborhood of or in excess of $8,000.00. Further what is most impressive is the fact that the financial statement and note were executed by the defendants on April 15, 1968, and on May 2, 1968, a little more than two weeks later, the plaintiffs executed the schedule of liabilities for the bankruptcy proceedings in their attorney’s office. When asked when he first contemplated going bankrupt defendant, Jacob Ketchum, made the unconvincing reply, “Ten, twelve days later [from the date of *699 the signing of the promissory note], just grew on me, came overnight.”
Given these facts we find that plaintiff has successfully borne its burden of proof herein, and we cannot reverse the trial judge’s decision in its favor.
For the reasons hereinabove expressed, the judgment of the trial Court is affirmed in all respects, appellants to pay the costs of this appeal.
Affirmed.