PRICE, Judge.
In this action on a promissory note plaintiff challenges the defense of a discharge in bankruptcy on behalf of one defendant on the basis that a false financial statement was submitted to it in connection with a loan. After an adverse judgment in the district court, plaintiff has taken this devolutive appeal.
The note herein sued on was executed on June 27, 1967, by George W. Barnes and his wife to consummate a *156 loan from Sales Purchase Corporation in Monroe. Defendants were already indebted to plaintiff for a previous loan and this transaction increased their previous balance by approximately $600.00. George W. Barnes was adjudged a bankrupt on July 30, 1968, and the debt owed to Sales Purchase was listed in his schedule of creditors in' the proceedings. Plaintiff filed this action on August 26, 1968, seeking to recover the amount of $1,043.64 from Barnes and his wife. Judgment by default was taken against Mrs. Barnes and no appeal has been taken by her. Barnes answered plaintiff’s petition, asserting that he had been relieved of this obligation by his discharge in bankruptcy. On the trial of the merits the plaintiff offered rebuttal evidence seeking to establish that Barnes had executed a false financial statement in the procurement of this loan, and that it had been relied on by plaintiff, which precludes a discharge of this debt under the provisions of 11 U.S.C.A., Sec. 35(a) (2) which reads as follows:
“(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, * *
From a reading of the evidence contained in the transcript of the trial court, we believe the following is a fair summation of the material facts and events which took place in the consummation of this loan.
The financial statement in question was prepared by J. A. Higginbotham, an employee of plaintiff, on a printed form supplied by his employer. In the center of this form, under the heading “list of creditors”, there are seven blank lines for the listing of creditors’ names opposite a column for the amount owed each. The financial statement prepared in this case reflects the names of six creditors with the amount owed to each. Although the form provided a space for a total of the debts owed, this was not completed in this situation. The testimony reflects the total of the listed debts to be $6,235.08. It was admitted by Barnes that several debts were not contained on the statement and, had these been added to those listed, the total would have been $18,528.69.
Barnes testified that he needed the sum of $600.00 to drill a water well on property he had recently purchased on credit. He further testified he instructed his wife to call Sales Purchase Corporation to see if they would advance this amount of money, and that later on this same date she called him at work and advised that the loan would be made and he could pick up the money at noon. His testimony discloses he picked up his wife at noon and drove to the plaintiff’s office in downtown Monroe. He contends the papers were all completed before he arrived, inclusive of the financial statement, and that he executed all necessary papers and was given the money within a period of not more than ten minutes. He testified he was allowed to carry the note and mortgage out to be signed by his wife and mailed back to plaintiff. Her failure to go in the office was explained by the necessity for her to stay in the automobile with their children. Barnes denied having given the employee of plaintiff the list of debts contained on the financial statement which he signed. He further denied that any discussion was had in regard to the contents or completeness of this statement. He testified he assumed his wife had given this information at the time she called about the loan.
Mrs. Barnes’ testimony corroborated that of her husband except that she did not give the information about their debts and did not know where it was obtained.
*157 By cross-examination of plaintiff’s employees, defendant sought to show that the information for preparation of the financial statement was taken from a previous statement given by him in connection with his existing loan. These witnesses denied the existence of such a statement at the time of this transaction. They contend the previous statement had been thrown away in a routine clearing of files.
Plaintiff’s witnesses, consisting of two of its own employees and a third party with many years experience in the lending business, testified as to the degree of reliance a loan company usually places on a financial statement in its decision to make a loan. One of these witnesses, Mr. Higginbotham, who made the loan in question, could not remember many of the events that took place in regard to the loan. He did testify, however, that Barnes had a good paying record on his previous loans with the company and that this is given a considerable weight in granting a new loan.
The trial judge in his written reasons for judgment found that plaintiff did not rely on the financial statement but on the previous record of defendant with the company in deciding to make the loan.
We think the evidence in this case amply supports the finding of the trial judge on this question of fact.
In the case of Beneficial Finance Co. v. Cote, 216 So.2d 163 (La.App.2d Cir., 1968), we reviewed the jurisprudence of this State interpreting this section of the bankruptcy act and pointed out that for a plaintiff to be successful he must show:
(1) The defendant made false representations.
(2) Those representations were made with the intent of defrauding the plaintiff.
(3) The plaintiff relied upon and was misled by the false representations.
Not only do we agree with the trial judge in his finding that no reliance was made on the erroneous financial statement, but we do not believe that plaintiff has proved the statement was made by the plaintiff with the intent to deceive. The evidence is contradictory as to where the information was obtained by plaintiff’s employee who prepared the statement. Where the statement is prepared entirely by the finance company or its employee, who is in a better position to know the significance of any omission, then the company should bear the burden of showing clearly that the omissions were solely the fault of the borrower who intended to conceal his full financial picture.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.