REGAN, Judge.
The plaintiff, C H F Finance Discount “A” Company, Inc., filed this suit against the defendants, Darrel Brasseaux and ■Irene Rhodes, also known as Irene Rosal, with whom he was living out of wedlock, endeavoring to recover the sum of $508.-37 together with interest and attorney’s fees, which it asserts is the balance due on a note signed by the defendants and secured by the pledge of a collateral mortgage note in the amount of $3,000.00 drawn by Irene Rhodes.
The defendant, Darrel Brasseaux, answered and explained that he was relieved from liability on the note as well as all other debts by virtue of having secured a discharge in bankruptcy.
Following a trial on the merits, the lower court rendered judgment in favor of the plaintiff ordering the defendant, Darrel Brasseaux, to pay $508.37 with 8% per an-num interest from May 23, 1968, until paid together with 25% attorney’s fees on principal and court costs, and ordered that the plaintiff’s chattel mortgage be recognized. From that judgment the defendant, Bras-seaux, has prosecuted this appeal.
The record discloses that on March 23, 1967, the defendants signed a promissory note for the sum of $777.24, and filled out a financial statement in which they listed as their only debts King Finance Company to whom they owed $146.64 and Home Finance to whom they owed $282.92. However, Brasseaux conceded that he owed about $100.00 to Fairfax Finance, approximately $900.00 to Port Finance Company, and $1,000.00 to Associated Discount Corporation but omitted to list these debts because he believed that he no longer owed them. He explained that Port Finance Company had taken possession of the automobile it had financed and that he was not aware of the existence of additional indebtedness until Port Finance attempted to garnishee his wages which occurred after he filled out the financial statement. He further explained that he borrowed $400.00 from Fairfax Family Fund and repaid $825.00, and he did not realize that he still owed $100.00 to it. He further asserted that he did not inform the plaintiff that Irene Rhodes was his wife, but that he would have done so had he been asked in order to avoid embarrassing her.
Francis H. Campos, president and manager of the main office of the plaintiff, testified, as is usual in these cases, that he approved the loan made to the defendants because of his reliance on their financial statement and that he was under the impression the parties were married. He insisted he would not have made the loan had he been aware of the other creditors.
Counsel for the defendant endeavored to question him for the purpose of disclosing his reason for believing that he was not indebted to the three creditors he omitted to list on his financial statement and thus establish the defendant’s good faith. However, she was permitted to ask the defendant only if he believed he owed the debts in question and the court pointed out that if he did not believe he owed them, this was his mental attitude which would not “affect the court”. When counsel attempted to question the defendant in order to establish his mental attitude, as it related to his “good faith”, the court ordered her to discontinue that line of questioning.
*703 The Federal Bankruptcy Act provides that:
“A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, * * * ” Bankruptcy Act, Section 17, sub. (a) (2), 11 U.S.C.A. Section 35(a) (2).
Therefore, in order for the defendant to be discharged from liability to the plaintiff, he must show the absence of an intent to misrepresent his financial status for the purpose of obtaining the loan which forms the subject matter of this litigation.
Our analysis of the record convinces us that the court refused to permit introduction of evidence offered by the defendant to shed light on the defendant’s belief regarding his indebtedness and his good or bad faith in filling out the financial statement. In order that justice may be served, we are convinced that the case must be remanded to the lower court for the purpose of affording the defendant the opportunity of introducing evidence reflecting either his good or bad faith when he filled out the plaintiff’s financial statement.
For the foregoing reasons, the judgment of the lower court is hereby reversed and remanded.
All costs of this appeal are to be borne by the plaintiff and all other costs are to await the final determination hereof.
Reversed and remanded.