AYRES, Judge.
This is an action by plaintiff to recover of defendants, husband and wife, the balance allegedly due on two promissory notes executed by defendants, payable to plaintiff in the respective principal balances of $1,376.55 and $300.00. The defendants successfully urged a defense of a discharge in bankruptcy. From an adverse judgment plaintiff appealed.
Before this court, plaintiff reurges the proposition presented to the trial court that the discharges of defendants in bankruptcy are without application to the indebtedness sued upon and are without force or effect, for the reason that, in order to obtain loans for which the notes were given, defendants made false representations with respect to their financial condition, with the intent to defraud plaintiff, upon which *27 representations plaintiff relied in making these loans. The question, therefore, is whether defendants made false representations with respect to their financial condition; if so, whether these statements were made with the intent to defraud, and whether plaintiff relied upon or was misled by the statements in making the loans.
The first note, executed October 5, 1967, was in the principal sum of $1,436.40, which at the time suit was filed, had been reduced to $1,376.55. The second note, in the principal sum of $300.00, was executed November 1, 1967. Defendants were granted discharges in bankruptcy February 28, 1968. Defendants admit they were indebted, on October 5, 1967, in the sum of $25,046.57 instead of only $3,190.00 as listed on a financial statement when the loan on that date was obtained, and that they were indebted, on November 1, 1967, in the sum of $29,048.48 instead of only $4,386.40 as listed on a financial statement when the loan on that date was obtained.
Thus, there is no question that the financial statements given by defendant Julian E. Windham were incomplete and false. Important questions, however, are whether these statements were made with the intent to defraud plaintiff and whether plaintiff actually relied upon and was misled by them.
Defendants, since 1958, had operated a job printing plant in Monroe. They did work for plaintiff in printing its many business forms. On several occasions defendants borrowed money from plaintiff. Windham testified that when the last two loans were obtained and the financial statements executed, he discussed with plaintiff’s manager, A. G. Harkins, whether certain items of indebtedness of the printing-business, such as leases covering the equipment used in the business and the building in which it was conducted, were to be listed. Windham testified Harkins advised it was not necessary to list these items on the financial statement. Windham testified that Harkins was nevertheless fully aware of his financial condition. Harkins testified he had known Windham in a personal way for several years; that a prior manager had made all previous loans to Wind-ham. He could not, however, recall Wind-ham’s discussion of his outstanding obligations other than those listed on the financial statements. Harkins listed Windham’s indebtedness on the statements, after which Windham signed them.
Mrs. Windham testified she called plaintiff’s office to request one of the loans, whereupon she was told to “come by” as the money would be waiting. She further testified she had never been questioned about any outstanding obligations, nor had she signed any financial statements.
In a written opinion, the trial court observed plaintiff had been doing business with defendant from ten to fourteen years; had made previous loans to defendants and knew of the indebtedness on defendants’ equipment which was omitted from the financial statements.
The rule has been uniformly stated by this court, and generally recognized in the jurisprudence, that, for a plaintiff to prevail in a case of this character, he must establish that (1) the defendant made false misrepresentations, (2) the misrepresentations were made with the intent to defraud plaintiff, and that (3) plaintiff relied upon and was misled by them. Beneficial Finance Company v. Cote, 216 So.2d 163, 165 (La.App., 2d Cir. 1968); Sales Purchase Corporation v. Barnes, 228 So.2d 155, 157 (La.App., 2d Cir. 1969 — writ refused). In the latter case, it was held:
“Where the statement is prepared entirely by the finance company or its employee, who is in a better position to know the significance of any omission, then the company should bear the burden of showing clearly that the omissions were solely the fault of the borrower who intended to conceal his full financial picture.”
*28 In Excel Finance Mid City, Inc. v. Meilleur, 137 So.2d 503, 505 (La.App., 4th Cir. 1962), the court had occasion to observe:
“When a small loan company has been doing business satisfactorily with a borrower for many years, and has the means to check his financial responsibility, especially within its own organization, but closes its eyes, it should be estopped to complain of misrepresentation. If it were otherwise, a creditor could easily make its credit or loan immune from discharge in bankruptcy by the simple expedient of closing its eyes to what is obviously not true, and easily detected.”
With reference to the burden of proof necessary to establish fraud, it was observed by McClatchey v. Guaranty Bank & Trust Company, 228 La. 1103, 85 So.2d 6, 8 (1955):
“ * * * It is well settled in our basic law, as well as our jurisprudence, that he who alleges fraud must prove it.”
See, also: State ex rel. Woodward v. Ozley, 203 La. 579, 14 So.2d 452 (1943). It was moreover stated in Sanders v. Sanders, 222 La. 233, 62 So.2d 284, 286-287 (1952):
“In the jurisprudence of this court it has been said that the charge of fraud is a most serious one; that one who alleges fraud has the burden of establishing it by legal and convincing evidence since fraud is never presumed, and that to establish the fraud exceptionally strong proof must be adduced. * * * It has also been said that evidence showing that the fraud was probable or that the circumstances partook of a suspicious charater is not sufficient, and that the fraud must be established by proof stronger than the mere preponderance of the evidence.”
See, also, the authorities therein cited.
The trial court concluded that plaintiff failed to establish by a preponderance of evidence that it had been misled by defendants’ financial statements. We are in agreement with this conclusion.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.