CHASEZ, Judge.
Plaintiff, All State Credit Plan, Inc., instituted this suit against the defendant, Donald K. Wilson, to recover on a $720.00 note, with interest and attorney’s fees, executed in its favor on August 15, 1969. Said sum representing the unpaid balance on a renewal loan issued to the defendant.
The defendant pleaded his discharge in bankruptcy proceedings adjudicated on December 15, 1969 as his defense.
Plaintiff contends that this debt was not discharged due to alleged misrepresentations made by the defendant on a “financial statement.”
Section 17 of the Federal Bankruptcy Act, 11 U.S.C. § 35(a) (2) provides that a bankrupt is released in discharge from all provable debts except those that:
“(2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of'credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, * * * ”
To avoid the discharge by bankruptcy of a debtor’s obligation the plaintiff must prove:
“(1) That defendant made false representations ; (2) that these representations were made with the intention of defrauding the plaintiff, and (3) that the plaintiff relied upon and was misled by the false pretenses or representations.”
De Latour v. Lala, 15 La.App. 276, 131 So. 211 at page 212 (1930); CHF Finance Company, Inc. v. Jochum, 241 La. 155, 127 So.2d 534 (1961); CHF Finance Discount Company, Inc. v. Rhodes, 237 So.2d 701 (La.App., 4th Cir.1970).
The only issues that concern this court are whether or not the defendant intended to defraud the plaintiff and whether there was reliance on misrepresentations made in the financial statement.
At the outset of the trial it was stipulated that there were debts outstanding and due at the time of the renewal application which defendant failed to recite on the financial statement.
The credit manager for the plaintiff testified that had he known of these other debts at the time he would never have approved the renewal and cash advance. The defendant, however, stated that he informed this same manager that he had other debts but could not recall the names of the creditors.
Mr. Wilson also claims that the manager told him “Guess it will be alright”, and to write “I have no other debts” on the statement and that would be sufficient.
*317 Concerning this transaction the plaintiff said he could not recall exactly what was said but as a matter of policy he usually asks if an applicant has any other debts, to which he “presumes” the defendant said no.
In Public Finance Corporation of Baton Rouge y. James, 119 So.2d 578 (La.App. 1st Cir.1960), on facts very similar it was held that the plaintiff, finance company, had not proved reliance on the misrepresentations made and that the defendant had intended to defraud the plaintiff.
The proof of intent to defraud and reliance upon a false financial statement is a question of fact to which the finding of the trial court must be given great weight. North American Finance Corporation v. Ketchum, 223 So.2d 697 (La.App., 4th Cir. 1969).
In the lower court the trial judge believed the law and evidence to favor the defendant and rendered judgment accordingly.
The record does not indicate to us that there has been manifest error by the trial judge. Lacking manifest error a trial court’s factual conclusions and its evaluation of the credibility of witnesses will not be disturbed on review. Bonner v. Town of Leesville, 118 So.2d 154 (La.App., 1st Cir.1960); United Credit Plan, Inc. v. Seminary, 162 So.2d 807 (La.App., 4th Cir. 1964).
For the foregoing reasons the judgment of the lower court is affirmed, at plaintiff’s cost.
Affirmed.