PRICE, Judge. '
In this suit plaintiff seeks to recover the balance due on two promissory notes executed by defendant in favor of plaintiff. Defendant raises discharge in bankruptcy as his defense. The trial court rendered judgment in favor of defendant. From this adverse judgment, plaintiff has perfected this devolutive appeal.
*371 Plaintiff is a finance company doing business in the city of Monroe. The two notes in question were executed on July 11, 1969 and December 5, 1969, for the principal sums of $2,400 and $635, respectively. Defendant filed bankruptcy proceedings on July 7, 1970, and was discharged in bankruptcy on September 17, 1970. Defendant listed the two notes in question on the schedule of debts which were discharged by the bankruptcy. At the date of bankruptcy defendant had repaid $690 on the $2,400 loan and $33.65 on the $635 loan.
On December 17, 1970, plaintiff brought this action to recover the balance due on the two notes, contending that defendant gave false financial statements when applying for the two loans. Plaintiff contends that the financial statements given by defendant were a false representation as to defendant’s actual financial condition, that they relied on these false statements in granting the loans, and that defendant gave the false statements with intent to deceive them. For these reasons, plaintiff contends defendant is precluded from a discharge of these debts under the provisions of Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35(a)(2), which provides:
“(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, * *
In dealing with this section of the Bankruptcy Act it has been uniformly stated by this court and is well settled in the jurisprudence of this state that for the plaintiff to recover he must establish that:
(1). The defendant made false representations ;
(2). Those representations were made with the intent of defrauding the plaintiff;
(3). The plaintiff relied upon and was misled by the false representations.
DeLatour v. Lala, 15 La.App. 276, 131 So. 211 (Orleans, 1930) Beneficial Finance Co. v. Cote, 216 So.2d 163 (La.App.2d Cir. 1968); Sales Purchase Corporation v. Barnes, 228 So.2d 155 (La.App.2d Cir. 1969), writ refused February 6, 1970; Friendly Finance Service Mid-City, Inc. v. Windham, 240 So.2d 26 (La.App.2d Cir. 1970), writ refused December 14, 1970.
The trial court found plaintiff had not proven the financial statements were given with fraudulent intent. We agree with this conclusion.
The parties stipulated that on the July 11, 1968 and December 5, 1969, financial statements defendant either omitted or understated debts in the total sums of $25,985.-28 and $24,020.28, respectively. The testimony depicting the circumstances surrounding the filling out of the financial statements is conflicting. Herbert L. Breard, plaintiff’s manager who handled these loans, admitted filling out the printed forms furnished for this purpose by plaintiff. However, Breard contends he did so from information given by defendant. To the contrary defendant claims Breard asked no questions of him as he already was sufficiently familiar with the defendant’s financial affairs and must have used this knowledge to complete the forms. Nevertheless, there were four creditors listed on each financial statement. It is to be noted that both men testified that they were friends and that defendant had made quite a few loans from plaintiff during the past seven or eight years. In fact, defendant made a $625 loan from plaintiff on October 21, 1969, and repaid it in full on December 3, 1969.
*372 We think it significant that defendant had a history of borrowing from plaintiff, that he made and repaid a loan between the dates of the two loans in question, that he had partially repaid both loans prior to taking bankruptcy and that he did not file for bankruptcy until almost one year after receiving the first loan. The preponderance of the evidence does not indicate the defendant executed either of the financial statements with the intent to defraud plaintiff.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s costs.